## SHARP v. BAILEY.

14 387
94 580

14 387
123 553

1. CONVEYANCE OF A HOMESTEAD. Where a deed of trust was substantially as follows: "For the purpose of securing to S. L. S. the sum of, &c., &c., I., J. C. B., of Polk county, Iowa, do hereby sell and convey, &c., &c., and if the said sums of money, to wit, &c., are not promptly paid, &c., then I hereby authorize, &c., &c. In witness whereof the said J. C. B., with ...... his wife, have hereunto set their hands, this 22d June, 1857," which deed was duly signed by both the husband and the wife; it was held, that there was not such a concurrence of the wife as would make it operative as a conveyance of the homestead interest, and that it could be construed only as a relinquishment of dower. (*Grapengether* v. *Fejervary*, 9 Iowa, 163; *Shaffner* v. *Grutzmacher*, 6 Id., 137; *Westfall et ux.* v. *Lee*, 7 Id., 12; *Larson* v. *Reynolds and Packard*, 13 Id., 579, cited and explained.)

*Appeal from Polk District Court.*

SATURDAY, DECEMBER 27.

ACTION of right to recover three lots in the city of Des Moines, which constituted, at the time of making the trust deed hereinafter named, the homestead of defendant. Plaintiff's title is based upon a sale made by the trustee, under a ·deed in its material parts as follows:

" For the purpose of securing to Solomon L. Sharp, the sum of, &c., I, Joseph C. Bailey, of Polk county, Iowa, do hereby sell and convey to, &c., and if the said sums of money, to wit, &c., are not promptly paid, &c., then I hereby authorize, &c. In witness whereof, the said Joseph C. Bailey, with ........ his wife, who relinquishes dower, have hereunto set their hands this 22d June, 1857.

JOSEPH C. BAILEY,<br>LAURA H. BAILEY."

The parties appeared in due form before a competent officer, and " acknowledged the signing of the same [the deed] to be their voluntary act and deed for the purposes therein mentioned."

Judgment for defendant and plaintiff appeals.

*McHenrys* for appellant.

*Bates* and *Cole* for appellee.

WRIGHT, J.—The question made is, whether under this deed of trust there was such a concurrence in, and signing of the instrument by, the wife, as to make it valid to pass the title of the owner to the homestead.   The language of the statute is (§ 1247, Code):  " A conveyance by such owner is of no validity, unless the husband and wife (if the owner is married) concur in and sign such conveyance." It will be observed that the wife does not join in the granting part of the deed.   The grant is by the husband alone. Her *name* does not appear even in what is technically termed the *" in testimonium "* part of the deed.   But without giving any weight to such omission, we remark, that she apparently joins in this part of the deed to release dower and for no other purpose.

The case differs in its facts from that of *Grapengether* v. *Fejervary*, 9 Iowa, 163, in that there the wife held the property in her own right, and joined with the husband in the granting part of the deed, as well as all others including the covenant of warranty.   The last paragraph, however, was as follows:  " And the said Fredericka Zierdt hereby relinquishes all of her right of dower in said premises."   Under this deed it was held, that such concluding words, did not limit the estate conveyed by her to a dower interest only ; that she had in the granting part of the deed ·conveyed all her interest in the premises, and she had no dower right to convey or relinquish.

In *Schaffner et al.* v. *Grutzmacher et al.*, 6 Iowa, 137, the form of the deed was:  " We, Michael Riley and Sarah, his wife, do convey," &c., and at the conclusion " the said Sarah Riley hereby relinquishes her right of dower to the premises hereinbefore conveyed."   It was held, treating the property as belonging to the husband, that she only

released her dower. In *Westfall et ux.* v. *Lee et al.*, 7 Id., 12, the wife joined in the body of the deed but did not expressly relinquish her right of dower, nor did it appear that she acknowledged the same before an officer authorized thereto. It was held that she was not bound by the covenants, that as the transaction was wholly one of the husband's, the practice was, even when she afterwards made an express relinquishment, to regard her as joining only for the purpose of releasing her dower. And see *Lyon* v. *Metcalf*, 12 Id., 93.

By the case of *Larson* v. *Reynolds & Packard*, 13 Iowa, 579, it is. held, that the right of the wife to the homestead differs from that of dower, and that the provisions of the statute as to its conveyance or incumbrance are also different, and that while a similar deed may convey the one as well as the other, such difference arises necessarily from the rights and privileges possessed by the wife during and after the life of the husband. And this view accords with the rulings made in *Floyd* v. *Mosier*, 1 Iowa, 512; *Dickson et al.* v. *Chorn et al.*, 6 Id., 19; *Babcock* v. *Hoey et ux.*, 11 Id., 375.

In 4 California Reports, 268, it is held that, "As soon as a place, by the occupancy in good faith, of the family, acquires the character of a homestead the nature of the estate becomes changed, without reference to the manner in which the title to the property originated, whether it was the separate estate of either husband or wife, or the common property of both. It is turned into a sort of joint tenancy, with the right of survivorship, at least as between husband and wife, and this estate cannot be altered or destroyed, except by the concurrence of both, in the manner provided by law.

In the light of these authorities, and the statute, did the wife so concur in this deed as to make it a valid conveyance of the homestead? If the subject of the conveyance

was her separate property, it seems to us that there could be no fair ground for claiming that she had parted with it by such a deed. The most that could be claimed for it, would be that she had relinquished any claim of dower, and it would be extending the fair meaning of the language used unwarrantably, to hold that she thereby parted with or conveyed any other or greater interest. If so, why is not the line of argument legitimate which holds, that as her interest in the homestead is different from a dower right, the relinquishment of the latter should not indicate that she concurred in the conveyance of the former And when it is said that her interest in the homestead is different from that of dower it is not meant that it is less. Its exact nature or character it is difficult to precisely define and limit. But that it is a higher interest is conclusively shown by the fact that while the husband may by deed convey his own interest in any other lands, without the concurrence of his wife, he cannot do so in the homestead. And when we add to this the fact that if the wife survives the husband she may continue to possess and occupy the whole homestead, that subject to the rights of the survivor, it may be devised like other real estate, and that if there is no survivor it descends to the issue of either according to the general rules of descent, all doubt upon the subject would seem to be removed. Being a higher or greater interest therefore, to relinquish dower, is not a concurrence in the sale of the homestead.

It must be borne in mind that this homestead right is peculiarly favored, and that as a general rule, there can be no operative conveyance or an effectual release of the exemption unless the mode pointed out by the statute is pursued with reasonable strictness. (*Vancart* v. *Vancart*, 23 Ill., 536; *Dorsey* v. *McFarland*, 7 Cal., 342.) Not only so but another principle obtains and is applicable, that a deed must contain operative words sufficient to convey the

interest of the person conveying it, otherwise the title will not pass. Add to this the further consideration that conveyances by the wife should be strictly construed to protect her right, and it seems to us that to hold that by this deed she concurred or joined in the conveyance of the homestead would improperly extend the true and fair meaning of the language used. It in legal effect amounts to no more than a deed by the husband, and a relinquishment of dower by the wife in separate instrument.

When it is said in *Larson* v. *Reynolds and Packard*, *supra*, that a similar deed may convey the one interest as well as the other, no more is meant than that a deed of the homestead will include the dower interest therein, and that no distinct relinquishment of dower is necessary.

Affirmed.