Fuller & Co. v. Hunt.

---

FULLER & Co. v. HUNT ET AL.

48 163
94 582
48 163
113 479
f113 631
48 163
114 655

1. Homestead Act: MORTGAGE. A person who has entered land under the homestead act can execute a valid mortgage upon the same prior to the time when he is entitled to make final proof. It is not the purpose of the act to protect the land so entered from a lien created thereon by the person entering it.

2. ——: ——: The execution of a mortgage is not of itself an alienation.

3. Mortgage: QUIT CLAIM. Where one takes a quit claim deed from the mortgagor, paying a consideration less than the value of the land diminished by the amount of the mortgage, with full knowledge of it and in the belief that it is valid, equity requires that as against him the land be charged with the payment of the mortgage debt, without regard to any infirmity that may inhere in the mortgage, unless it be void as against public policy.

*Appeal from Clay District Court.*

WEDNESDAY, APRIL 17.

ACTION to foreclose a mortgage executed by the defendant C. D. Hunt. The defendant M. E. Griffin is now the owner of the premises, having purchased and taken a conveyance of them subsequent to the execution of the mortgage. He disputes the validity of the mortgage upon two grounds. In the first place, at the time it was executed the title to the land was in the United States, and Hunt was occupying the same in accordance with an application and affidavit to enter it as a homestead under an act of Congress, approved May 20, 1862, entitled an act to secure homesteads to actual settlers upon the public domain. The five years occupancy had not expired, and he had not become entitled to make final proof. In the second place, he was a married man, and his wife, the defendant M. E. Hunt, did not join in the granting part of the mortgage, but joined merely for the purpose of releasing dower. And while the premises consisted of eighty acres, it is claimed that they are not worth more than $500, and so it is claimed that the mortgage has no validity, because the premises constituted the mortgagor's homestead, and the mortgage was virtually not executed on the part of the wife. The district court held both of these defenses to be insufficient, and entered a decree of foreclosure as prayed. The defendant Griffin appeals.

*L. M. Pemberton*, for appellant.

*J. A. O. Yeoman* and *E. B. Soper*, for appellees.

ADAMS, J.—I. The first question presented is, as to whether
1. HOMESTEAD a person who has entered upon land under the
act: mortgage: homestead act can make a valid mortgage upon
the same prior to the time when he is entitled to make

final proof. It is claimed by the appellant that he. cannot, because it is provided in the homestead act that the land shall not become liable to the satisfaction of any debts contracted prior to the issuance of the patent. The debt sought to be enforced was contracted prior to the issuance of the patent. It is abundantly evident that the land could not have been reached by general execution. If the land is liable at all, it is by virtue of the act by which the debtor undertook to create a special lien upon it, and we have to say that we think that the debtor's act had that effect. Mere exemptions from execution do not prevent the debtor from creating such lien. Exemptions are provided merely for the debtor's protection. Such is the general rule, and such, it appears to us, is the intention of the homestead act. The only reason suggested why the claimant under the homestead act should not be allowed to mortgage his homestead is, that it would be against public interest. But the fact that the act provides against alienation by the claimant, and does not provide against mortgaging unless alienation includes mortgaging (a point which will be hereafter considered) indicates that it was not deemed to be against the public interest that the claimant should mortgage his homestead. In *Nycum v. McAllister*, 33 Iowa, 374, it was substantially so held. It is true that in that case the five years had expired when the mortgage was executed, but a patent had not issued. The decision upholding the mortgage was based upon the idea that the provision of the statute that the land shall not be liable for debts contracted prior to the issuance of the patent did not prevent the debtor from creating by contract a special lien. Mr. Justice Beck, in delivering the opinion, said: "The provision is intended as a shield for the debtor's protection." The debts, then, from which the land is exempted by statute must be considered those which are enforceable against it only by general execution. We regard the case above cited as decisive of the question in this case. The fact that in that case the five years had expired does not render it inapplica-

ble as an authority. The land was held liable for a debt con-
tracted before the issuance of a patent. This necessitated a
construction of the statute, which excluded from its provi-
sion debts charged upon the land by the debtor's own
contract. The question of the expiration or non-expiration of
the five years affects merely the character of the mortgagor's
interest. But it is not claimed by defendant's counsel that
the invalidity·of the mortgage results from a want of a mort-.
gagable interest, but simply from a disability imposed by stat-
ute upon the mortgagor.

II. Another objection is urged by the defendant's counsel,
upon the ground that. the claimant in making final proof
must show by affidavit that he has not alienated the land.
The execution of the mortgage, it is said, is an alienation
within the meaning of the statute. But we think this is not
so. The giving of a mortgage may result in alienation, but
it is not such of itself, nor can it be said that the mortgage is
given with such purpose. Land is often mortgaged with the ·
view of obviating the necessity of alienation. The office of a
mortgage is simply to create a lien. Under our statute the
legal title remains in the mortgagor, though the case would
probably not be different if it passed to the mortgagee. A
conveyance made merely to create a lien lacks the essential
element of alienation. This has been repeatedly held in the
law of insurance. *Rollins v. Columbian Ins. Co.*, 5 Foster, 200 ;
*Conover v. Mutual Ins. Co.*, 1 Com., 290 ; *Jackson v. Mass.
Mut. Fire Ins. Co.*, 23 Pick., 418 ; *Hubbard & Spencer v.
Hartford Fire Ins. Co.*, 33 Iowa, 333. So, also, it has been
held that an inhibition upon selling is not an inhibition upon
mortgaging. *Middleton Savings Bank v. Dubuque*, 15 Iowa,
394 ; *Krider v. Trustees of Western College*, 31 Iowa, 547.
In *Nycum v. McAllister*, as we have seen, a mortgage executed
by a claimant under the homestead act, before the issuance
of a patent, was sustained. Yet by the act no patent could
issue except upon proof by affidavit of the claimant that he
had not alienated the land. And the fact that such affidavit

Fuller & Co. v. Hunt.

is required renders void an attempted alienation. *Oaks v. Heaton*, 44 Iowa, 116. We cannot, then, regard a mortgage as an alienation.

III. The mortgage is further assailed upon the ground that it is not sufficient in form to bind the land. In respect to forty acres of the land it might be conceded that this position is well taken. The mortgagor's wife did not join in the granting part of the mortgage, and appears to have signed merely for the purpose of releasing dower. It was held in *Sharp v. Bailey*, 14 Iowa, 387, that such an instrument does not bind the homestead.

It is insisted, however, that while the mortgage might be invalid as against the mortgagor or his wife, it is not the right of a purchaser from them to set up its invalidity. Whether he could or not would depend upon whether he purchased the land subject to the mortgage. Where land is purchased of a mortgagor subject to a mortgage supposed to be valid, whether it is so or not, the mortgaged land becomes the primary fund for the discharge of the mortgage debt. The theory is, that the amount of the mortgage is deducted from the purchase money, and it would be inequitable to allow the purchaser to take advantage of the invalidity of the mortgage, and cast the debt upon the vendor who had virtually furnished the consideration for its discharge. Nor is it necessary, in order that the land may stand primarily charged with the payment of the mortgage debt, that the purchaser from the mortgagor should have assumed its payment. It is sufficient if the land was purchased subject to the mortgage, without any personal liability being assumed by the purchaser. *Green v. Turner*, 38 Iowa, 112; *Russell v. Allen*, 10 Paige, 249; *Shuler v. Hanlin*, 25 Ind., 386; Jones on Mortgages, § 736. The question, then, is as to whether Griffin purchased subject to the plaintiff's mortgage. If he had taken a deed with a covenant against incumbrances, it would be presumed that he did not. But he took a quit claim deed, and the consideration named is one dollar. It is true the evidence

shows that the real consideration was an old indebtedness due him from Hunt, but the amount, to say nothing of the value, was not much greater than the value of the land above the plaintiff's mortgage. It appears, also, that at the time he took the conveyance he had full knowledge of the plaintiff's mortgage. It was talked of between him and Hunt, and the evidence tends to show that it was supposed at that time to be a valid mortgage. It appears to us that the understanding between him and Hunt was that he was purchasing and paying for a mere equity of redemption. If so, equity requires that as against him the land should stand charged with the payment of the mortgage debt without regard to any infirmity which may inhere in the mortgage, unless the mortgage was void as against public policy, and we hold that it was not.

In our opinion the decision of the court below should be

AFFIRMED.