WILSON v. CHRISTOPHERSON ET UX.

1. **Homestead**: MORTGAGE: HUSBAND AND WIFE. A mortgage upon the homestead signed by the husband and wife, but in which the wife's name appears only in the clause relinquishing dower, is invalid, the presumption being that its execution by the wife related to such clause alone.

*Appeal from Poweshiek Circuit Court.*

FRIDAY, APRIL 23.

ACTION to foreclose a mortgage upon eighty acres of land. The names of both the defendants are signed to the mortgage, but the name of Even Christopherson does not appear in the granting part. At the close of the mortgage is a clause in these words: "And the said Even Christopherson hereby relinquishes her right of dower in and to the above described real estate."

The answer avers in substance that Even Christopherson is the wife of Gerger Christopherson, and that the south forty acres of the land described constitutes their homestead, and that Even Christopherson, although she signed the mortgage purporting to cover the homestead, did not concur in and

sign the same joint instrument for the conveyance or incumbrance of the same.

The plaintiff demurred to the answer, and the demurrer was sustained. A decree of foreclosure having been rendered against the whole property the defendants appeal.

*Redman & Carr,* for appellant.

*Matt. Phelps* and *Lewis & Clark,* for appellee.

ADAMS, CH. J.—Section 1988 of the Code provides that "where there is no special declaration to the contrary the

1. HOME-
STEAD : mort-
gage : hus-
band and
wife.

homestead of every family, whether owned by the husband or wife, is exempt from judicial sale." Section 1990 provides that "a conveyance or incumbrance by the owner is of no validity unless the husband and wife, if the owner is married, concur in and sign the same joint instrument."

Two questions are presented in this case. The first is as to whether the answer shows that the forty acres in question constitute the homestead of the defendant's family, and if so, second, whether Even Christopherson concurred in and signed the same joint instrument within the meaning of the statute, so as to create a valid incumbrance.

There is no express statement that the defendants constitute a family, or that as a family they hold the forty acres in question as their homestead. The appellee insists, therefore, that it does not appear that the forty acres is a homestead within the meaning of the statute. But the answer describes the defendants as husband and wife, and expressly avers that the property is their homestead, and we cannot think that the defendants had the intention of using the word *homestead* in any other than its statutory sense.

The second question is more difficult of determination. Even Christopherson signed the mortgage with her husband. Did she "concur in and sign the same joint instrument?" In one sense she certainly did. But did she concur in and sign

it as an incumbrance? In other words, must she be regarded, by reason of her signature, as subscribing to and concurring in that part of the instrument whereby the incumbrance was 'designed to be created?

If that had been her intention, she should properly have joined in the granting part of the instrument. According to the purport of the instrument, she joined merely for the purpose of releasing dower. In our opinion, we should not be justified in holding that she is bound further than the instrument expressly purports to bind her. *Sharp v. Bailey,* 14 Iowa, 387; *Fuller & Co. v. Hunt,* 48 Iowa, 163.

It is not claimed by plaintiff that a mere release of dower by the defendant Even was sufficient of itself, strictly considered, to make the mortgage valid as against the homestead. Its validity is claimed upon the ground of what must be deemed to be her probable intention in the matter. But it was her right to understand the instrument precisely as it reads, and it is not for us to say that she did not.

The view here expressed is in harmony with *Edgell v. Hagens, ante,* 223, and is, to some extent, supported by it. In that case the court refused to go beyond the instrument. In our opinion the demurrer was improperly sustained.

REVERSED.