EISENSTADT & CO. v. CRAMER ET AL.

MORTGAGE: HOMESTEAD: HUSBAND AND WIFE.

*Appeal from Page District Court.*

FRIDAY, MARCH 25, 1881.

ACTION to foreclose a mortgage, which is resisted on the ground that the defendants are husband and wife, that the mortgaged premises constituted their homestead, and Mrs. Cramer did not execute it as required by law. The decree was for the defendants, and the plaintiffs appeal.

VOL. LV—48.

*Hepburn & Thummel* and *Walter B. Douglas*, for appellants.

*Clark & Parslow*, for appellee.

SEEVERS, J.—The mortgage in this case, in all essential particulars, is precisely like that in *Sharp v. Bailey*, 14 Iowa, 387, and *Wilson v. Christopherson et al.*, 53 Iowa, 481, but the appellants insist the rule established in those cases is not applicable, because Mrs. Cramer testified "She signed the mortgage for the purpose of aiding her husband to secure credit; she cannot be presumed to have been a party to an attempt to defraud the plaintiff by obtaining credit upon the faith of an instrument purposely rendered invalid by the omission of a name."

There is no evidence tending to show there was a mistake made in drafting the mortgage, or that the name of Mrs. Cramer was purposely omitted from the granting part of the mortgage, or that any fraud was intended. The mortgage, therefore, must alone be examined for the purpose of determining its legal effect. So doing the rule adopted in the cited cases must be either followed or overruled. The latter we are not willing to do.

We deem it proper to say there may be doubts, if there was a mistake in drafting the mortgage, or fraud on the part of Mrs. Cramer in executing it, whether it would, under the statute, be a valid instrument.

AFFIRMED.