## RICE v. HULBERT.

1. **Judgment:** INTEREST ON: SIX PER CENT UNLESS OTHERWISE SPECIALLY STATED. In order that a judgment on a contract drawing more than six per cent interest may draw the same interest, it must be so expressed in the judgment itself. Code, § 2078. So, where a plaintiff was entitled to have his judgment bear interest at ten per cent, but by oversight the rate of interest was not expressed in the judgment, *held* that he could not, without first having the error corrected by proper proceedings, enforce the judgment for more than its face and six per cent interest.

2. **Vendor and Vendee:** PURCHASE SUBJECT TO LIEN: LIABILITY OF VENDEE. One who purchases land subject to incumbrances, without expressly agreeing to pay the incumbrances, does not thereby bind himself to pay them. See cases cited in opinion.

*Appeal from Mills District Court.*

TUESDAY, DECEMBER 15.

ACTION in equity to enjoin defendant from selling a tract of land on execution issued on a judgment against one M. L. Rice, and from enforcing said judgment against said land. A temporary injunction was issued as prayed for in the petition, and on the final hearing of the cause the order was made perpetual. Defendant appeals.

*Watkins, Williams & Wright*, for appellant.

*Lewis & Young*, for appellee.

REED, J.—In August, 1873, James Micklewait recovered a judgment in the district court of Mills county against M.

L. Rice on a promissory note for $550.27, and for the foreclosure of a mortgage on eighty acres of land, given to secure said note. This judgment was subsequently assigned by Micklewait to the defendant, and after this assignment plaintiff received from M. L. Rice a conveyance of the land covered by the mortgage. The note on which the judgment was obtained bore ten per cent interest, but no rate of interest is expressed in the judgment. In September, 1883, defendant caused a special execution to issue on said judgment, and was proceeding to sell the land thereon when plaintiff instituted this suit. Plaintiff alleges in his petition that he has paid the full amount of the judgment, and that defendant has refused to satisfy the same of record. Defendant denies that the full amount of the judgment has been paid. He alleges that plaintiff, when he purchased the land from M. L. Rice, had notice of the fact that the note and mortgage on which said judgment was rendered bore ten per cent interest, and that the amount of the indebtedness evidenced by said judgment, with interest thereon at ten per cent from the date of the rendition of the judgment, was deducted from the purchase price of the land, and that plaintiff's agreement with M. L. Rice was that he would pay the amount of the indebtedness to defendant, together with the interest thereon at ten

*1. JUDGMENT: interest on: six per cent unless otherwise specially stated.*

per cent. It is also averred that the failure to express the rate of interest in the judgment was owing to an oversight or mistake of the clerk in entering it of record. Plaintiff has paid and defendant has received an amount of money which the former claims is sufficient to satisfy the judgment, computing the interest thereon at six per cent from the date of its rendition. There is some dispute between the parties as to whether the amount paid is sufficient for the purpose. We think, however, that a fair preponderance of the evidence shows that plaintiff has paid the amount of the judgment and six per cent interest thereon.

The important question between the parties is whether plaintiff, having paid that amount, is now entitled to have the judgment satisfied of record. By its terms the judgment bears but six per cent interest. It is provided by statute (Code, § 2078,) that "interest shall be allowed on all moneys due on judgments and decrees of any competent court or tribunal at the rate of six cents on the hundred, by the year, unless a different rate is fixed by the contract on which the judgment or decree is rendered, in which case the judgment or decree shall draw interest at the rate expressed in the contract, not exceeding ten cents on the hundred, by the year, which rate must be expressed in the judgment or decree." Under this provision, it is clear that, unless a different rate of interest is expressed in the judgment or decree, but six per cent can be collected on it. As the contract on which the judgment was rendered bore interest at ten per cent, Micklewait was entitled to a judgment bearing that rate, and, if the failure to express that rate in the judgment was owing to the oversight or mistake of the clerk, as is alleged, he had the right, doubtless, by timely and proper proceedings, to have the error corrected; and possibly defendant had the same right after he became the owner of the judgment. But these considerations are not now important. The correction never was made, nor have any proceedings been instituted looking to the correction of the judgment. The judgment, then, is con-

clusive of the rights of the parties under the contract on which it was based. It is, in effect, a judicial determination that the plaintiff therein was entitled to collect but six per cent interest on the indebtedness evidenced by it. As plaintiff, then, has paid the full amount of money which defendant was entitled by the terms of the judgment to collect, it is clear that the lien upon the land created by it is extinguished. It is insisted, however, that plaintiff knew when he purchased the land that the note and mortgage upon which the judgment was rendered bore ten per cent interest; and that, in effect, he agreed to pay the debt due defendant, together with the interest thereon at ten per cent, as part of the purchase price of the land; and that he is not entitled to have the judgment canceled until he performs this undertaking. Whether this result would follow as a conclusion from the facts alleged, we need not determine; for we think the evidence fails to establish those facts.

It is proven, we think, that plaintiff knew when he bought the land that defendant claimed that his debt bore ten per cent interest; but it is not proven that he expressly agreed to pay the debt, either principal or interest. He held a mortgage on the land which was junior to the judgment, and he took a conveyance of the land by quit-claim in satisfaction of his debt. There were other liens upon it, in addition to defendant's judgment, which were senior to his mortgage. It was to his interest to pay off these liens, but he did not expressly agree to pay them. He simply took the land subject to them. He did not thereby become bound to pay them. *Johnson v. Monell*, 13 Iowa, 300; *Aufricht v. Northrup*, 20 Id., 61; *Hull v. Alexander*, 26 Id., 569; *Lewis v. Day*, 53 Id., 575. There are therefore no equities in defendant's favor created by the contract for the purchase by plaintiff of the land which will defeat his right to have the judgment canceled.

2. VENDOR and vendee: purchase subject to lien: liability of vendee.

AFFIRMED.