THE SEIFFERT & WIESE LUMBER COMPANY v. LIBBIE G.
HARTWELL, *et al.*, Appellants.

**Homestead Alienation:** RATIFICATION. A mortgage upon a home-
stead, signed and acknowledged by the husband and wife, is void
when the name of the wife only appears in the body of the instru-
ment. Code, 1990. A statement in a second mortgage, duly exe-
cuted, that it is "subject" to said void mortgage does not
validate it. *Spafford v. Warren,* 47 Iowa, 47, *distinguished.*

**Practice:** WHAT APPEALABLE. An appeal may be taken from the
overruling of a motion to strike matter setting up an essential
confirmation of the mortgage sued on. This is an intermediate
order involving the merits. Code, 3164.

DEEMER, J., took no part.

*Appeal from Pottawattamie District Court.*—HON. H. E. DEEMER, Judge.

SATURDAY, MAY 18, 1895.

Action in equity to recover the amount due on two promissory notes, and for the foreclosure of a mortgage given to secure their payment. The defendants filed a motion to strike certain portions of the petition. The motion was overruled in part. The defendants Libbie G. Hartwell and T. J. Hartwell, her husband, refused to plead further, and appealed.—*Reversed.*

After the appeal was taken a decree was rendered in favor of the plaintiff for the amount due on the notes, and for the foreclosure of the mortgage.

*Robinson & Johns* and *A. B. Johns* for appellants.

*Benjamin & Preston* for appellee.

Robinson, J.—The notes described in the petition were given by the appellants, and are dated December 22, 1890. One was for one hundred and eighty-one dollars and seventy-five cents, payable one year after its date, and the other was for one hundred and eighty-one dollars and eighty cents, payable eighteen months after its date. They are alleged to be wholly unpaid, and no question is made in regard to either of them. To secure their payment a mortgage dated December 26, 1890, was given on the homestead of the appellants, which consisted of two lots in Arnold's addition to Oakland, in Pottawattamie county. It is not shown in which of the appellants the title to the lots was vested. The mortgage is in an ordinary form, and is signed and acknowledged by both of the appellants; but the name of the wife alone appears in the body of

the instrument, and it is drawn throughout as though it was to be executed only by her. The petition alleges that, after the mortgage described was executed, the appellants executed to the defendants, David Bradley & Co., a second mortgage on their homestead, in the usual form, which contained a provision of which the following is a copy: "Subject to a mortgage given to Seiffert & Wiese Lumber Co., dated December 26, 1890, due in one and two years, for $365.55." It is further alleged that by the execution of that mortgage the one to the plaintiff was recognized by the appellants and by David Bradley & Co. to be valid. The petition also alleges that the mortgage to the plaintiff was executed by virtue of a verbal agreement which provided that a valid and binding mortgage should be executed to the plaintiff on the homestead of the appellants, but that, by mistake of the scrivener, the name of the husband was not inserted in the body of the instrument, where it was required to be by the agreement. A reformation of the instrument, to make it conform to the agreement and intent of the parties, is asked. The averments of the petition on which a reformation was demanded were, on the motion of the defendants, stricken out, and no question in regard to the reformation is made in this court, and no further consideration will be given to that matter. The part of the motion which was overruled sought to have stricken from the petition all those portions which referred to and set out the mortgage to the plaintiff, and which averred a recognition of it by the execution of the mortgage to David Bradley & Co.

I. The first question presented for our determination is whether the order of the district court, so far as it overruled the motion to strike, is one from which an appeal may be taken. The appellee contends that it is not, and that the appeal should be dismissed.

Section 3164 of the Code provides that an appeal may be taken to this court from various orders, and, among others, from "an intermediate order involving the merits and materially affecting the final decision." This provision was construed in *Specht v. Spangenberg*, 70 Iowa, 489, and held not to apply to a ruling on a motion to strike out, as irrelevant, a part of a petition not designed to show a distinct cause of action. The motion under consideration in that case asked to have stricken from a petition matter pleaded, not as an independent cause of action, but in aggravation of damages. The motion in this case denied the right of the plaintiff to any relief on account of the mortgage in suit. To that extent the motion was, in effect, a demurrer. It did not assail the right of the plaintiff to recover on the notes, and no objection to them was made. The motion sought all the relief which the appellants demanded in the case, and the ruling on it materially affected the final decision. This is shown by a consideration of the rights claimed by the plaintiff. Had the motion been sustained, the plaintiff would have been deprived of an important part of the relief it demanded,—perhaps of all which would give the notes value. It is clear that the rulings involved the merits of the controversy, and affected materially the final decision. *Bicklin v. Kendall*, 72 Iowa, 490. We conclude that the appeal cannot be dismissed, and that the case must be determined on the questions presented by the ruling on the motion to strike.

II. The appellants contend: *First.* That the mortgage to the plaintiff is absolutely void, and that they could not, as a matter of law, have confirmed it; *second,* that, if they could have confirmed it, the facts pleaded do not show a confirmation.

Section 1990 of the Code, relating to homesteads, provides that "a conveyance or incumbrance by the

owner is of no validity unless the husband and wife, if the owner is married, concur in and sign the same joint instrument." Under this provision, the failure of the husband to join in the granting part of the mortgage was fatal to its validity, and it must be treated as void, unless it has been made valid by ratification. *Wilson v. Christopherson*, 53 Iowa, 481; *Sharp v. Bailey*, 14 Iowa, 387; *Eisenstadt v. Cramer*, 55 Iowa, 753.

The appellants contend that "confirmation" applies to that by which what was before voidable is made valid, as, where one makes valid a voidable contract of his own, which he might have repudiated, while ratification applies to the act of another, in the nature of an act of agency. That such is the primary use of the words is true, but they are often used interchangeably, as synonyms. It was held in *Stinson v. Richardson*, 44 Iowa, 375, of the right of the wife in a homestead, the title to which was vested in the husband by a bond for a deed, that she could not verbally consent to an assignment of the bond made by the husband alone, and thereby estop herself to question it, and that nothing she could say or do, short of concurring in and signing the same joint instrument with her husband, would give the conveyance any validity. In the case of *Spafford v. Warren*, 47 Iowa, 47, it appeared that the wife had joined with her husband in executing an instrument which was designed to be a mortgage of their homestead, in which the blanks for the name of the grantee, and for the description of the property, were left unfilled. Afterward, in the absence of the wife, the husband discovered that the instrument was in form an absolute deed; but he filled the blanks, and delivered the instrument to Warren. The latter had no knowledge of the circumstances under which the deed had been executed, excepting that the name of the grantee had not been inserted until after its execution.

It was held that the instrument was joint, concurred in and signed by both husband and wife, and that it was within their power to ratify it and make it valid. It was held that the wife had ratified the deed by acts and a course of conduct which recognized the deed as valid, and which were of a nature to create an estoppel. The conclusion reached was held not to be in conflict with the case of *Stinson v. Richardson, supra.* This case is distinguishable from that of *Spafford v. Warren*, in that the instrument involved in this case did not purport to be the mortgage of the husband. His name did not appear in it, and no ratification could give it validity, unless by a joint instrument concurred in and signed by both the husband and wife. That an instrument purporting to convey a homestead, which is not merely voidable, but is absolutely void, may be made valid by ratification, was held in *Spafford v. Warren, supra,* and the same doctrine was recognized in *Bruner v. Bateman,* 66 Iowa, 488.

This makes it necessary to determine the effect of the mortgage to David Bradley & Co. as a ratification of the void mortgage to the plaintiff. The reference to the latter contained in the former is not in all respects accurate, but is unmistakable. The errors relate to the amount of the notes, and the length of time one of them had to run, and appear to be unimportant. Nothing is claimed on account of them by either party. The mortgage to David Bradley & Co. is on the homestead of the appellants, and was concurred in and signed by both the appellants. It contained an express recognition of the mortgage to the plaintiff, and the interest conveyed was subject to that mortgage, but the effect which should be given to it was not specified. "Where land is purchased of a mortgagor subject to a mortgage supposed to be valid, whether it is so or not, the mortgaged land becomes the

primary fund for the discharge of the mortgage debt. The theory is that the amount of the mortgage is deducted from the purchase price, and it would be inequitable to allow the purchaser to take advantage of the invalidity of the mortgage, and cast the debt upon the vendor, who had virtually furnished the consideration for its discharge. Nor is it necessary, in order that the land shall stand primarily charged with the payment of the mortgage debt, that the purchaser of the mortgagor should have assumed its payment. It is sufficient if the land was purchased subject to the mortgage, without any personal liability being assumed by the purchaser." *Fuller v. Hunt*, 48 Iowa, 167. When real estate is sold subject to a mortgage thereon, the amount of which is deducted from the purchase price, the purchaser cannot deny the validity of the mortgage. *Myers v. Bowers*, 70 Iowa, 95. Contracts by which the purchaser of land assumes the payment of a mortgage thereon are primarily for the benefit of the mortgagor, and may be released before they are accepted by the mortgagee. *Gilbert v. Sanderson*, 56 Iowa, 349; *Cohrt v. Kock*, 56 Iowa, 661. But the purchaser does not become personally liable for the payment of the mortgage, unless by special agreement. The purchasing of the premises subject to the mortgage, without more, cannot be given the effect of such an agreement. *Johnson v. Monell*, 13 Iowa, 303; *Aufricht v. Northrup*, 20 Iowa, 61; *Rice v. Hulbert*, 67 Iowa, 724. In this case, David Bradley & Co. did not become the absolute owners of the premises, but merely of a mortgage interest therein, and they did not assume the payment of a prior mortgage. As their interest was acquired subject to that mortgage, it may be they would not be permitted to question its validity, especially as against the interests of the mortgagor; but this case does not, in any other respect, come within the

rule or the reason of any of the cases cited. In this case it is the owners of the homestead who are contesting the validity of the first mortgage. If it is defeated, the benefit will inure to them, and not to a grantee who has in effect, if not in terms, agreed that it shall be treated as valid. The important question is, did the second mortgage so far ratify the first as to make it valid between the appellee and the appellants? It was said in *Haynes v. Seachrest*, 13 Iowa, 455, that "a recognition which shall have the effect of making valid a deed which, but for such ratification, would be ineffectual to pass the title, as against the party or subsequent incumbrancers, should be clear and express, or be implied from circumstances equally clear and undisputed." In this case there is no doubt as to what the alleged ratification is, for it is all contained in the part of the second mortgage quoted. Is it clear that it was intended to make valid in favor of the plaintiff what was before void? We think not. It does not purport to be for the benefit of the plaintiff. It does not undertake to cure any defect in this mortgage. Evidently, it was not designed to accomplish any purpose of that character. The plaintiff has not been prejudiced or misled by the giving of the second mortgage, and there is not an element of estoppel in the facts disclosed by the pleadings. In view of the care with which the statute guards against an alienation of the homestead, excepting by the free and concurrent acts of the husband and wife, we are of the opinion that it would be contrary to both its letter and spirit to hold that the second of the two instruments in question made of the first one a valid mortgage. See *Sharp v. Bailey*, 14 Iowa, 387. The controlling facts in this case are materially different, in legal effect, from those which determined that of *Spafford v. Warren*, 47 Iowa, 47. In that case both the husband and the wife joined

in the granting part of the deed, which was given to a person ignorant of the fact that the description of the premises was not inserted when it was executed, and of the mistake as to its character. It was held that the husband and wife did in fact concur in and sign the same joint instrument. The wife supposed that it was a mortgage, but after she had discovered her mistake, and had been fully informed as to her rights, she surrendered the property voluntarily, without protest, made no objection to the title of the grantee when he offered, in her presence, to sell it, and permitted him to remain in quiet possession of it, and to make improvements thereon, and to discharge incumbrances upon it, without a word of warning. In that case an instrument was executed in a manner required by statute, which purported to convey the homestead, in all parts of which both the husband and wife joined. In this case no instrument of that character has been executed. We conclude that the district court erred in overruling so much of the motion to strike as is involved in this appeal, and its order in that respect is *reversed·*

Deemer, J., takes no part.