WILLIAM S. ALVIS, Administrator of the Estate of Henry J. Alvis, Deceased, Appellant, v. EDWARD J. ALVIS, et al., Appellees.

Homestead: ABANDONMENT: EVIDENCE. There may be an abandonment of a homestead right so that title to property impressed with a homestead will pass under an oral contract of sale followed by possessi n. Evidence considered and held insufficient to show abandonment.

Homestead: CONVEYANCE: RATIFICATION. A deed, conveying a
2  homestead, executed by the husband alone is void *ab initio*
   both as to the husband and wife, and the individual act of the
   wife in subsequently executing the same instrument, done
   apart from and independent of the husband will not validate
   the conveyance.

Homesteads: CONVEYANCE: TRUSTS. The payment of money on
3  a parol agreement to convey a homestead will not create a
   trust in favor of the party paying the same.

Subrogation. Where one furnishes money to pay a mortgage,
4  which is in fact paid off and cancelled, he is not thereby en-
   titled to be subrogated to the rights of the mortgagee, in the
   absence of a showing that the lien of the mortgage was pre-
   served.

*Appeal from Lee District Court.*—HON. HENRY BANK, JR.,
Judge.

TUESDAY, APRIL 12, 1904.

ACTION to recover possession of certain described real
estate. There was a decree establishing title in defendants
under their cross-petition, subject, however, to a homestead
right on the part of plaintiff. Plaintiff appeals.—*Modified.*

*Hollingsworth & Blood* and *J. P. Kennedy* for appellant.

*James C. Davis* for appellees.

BISHOP, J.—The action was properly brought at law, but
on coming in of the answer and cross-petition, and by consent
of parties, it was transferred to the equity docket, and tried
as an equitable action. The action was commenced by Henry
J. Alvis and Electa, his wife, against the defendants, who are
their sons. After trial, but before decree, Electa Alvis died
intestate, and pending this appeal Henry J. Alvis has also
died intestate. Upon motion the administrator of his estate
has been substituted as appellant. The real estate in contro-
versy consists of a farm of one hundred and twenty acres,
situated in Lee county, and plaintiffs claim possession there-
of as their homestead; that defendants are wrongfully in pos-
session of the premises, claiming ownership and a right of

exclusive possession. The defendants, by their answer, admit possession, and that they claim to be entitled thereto exclusively by reason of absolute title to the property. The averments of the answer and cross-petition will be more fully referred to in the course of this opinion. The initial facts out of which the contrversy grows may be stated as follows: In 1856 the plaintiff, Henry J. Alvis, acquired title to the property by purchase. At the time thereof he executed a purchase-money mortgage to secure the sum of $850, his wife joining therein. Plaintiffs, with their family, then immediately took up their residence on the lands, the defendants being at the time unmarried, and constituting a part of the family. Defendants continued to thus reside until the breaking out of the War of the Rebellion, when they enlisted in the army. It is the contention of defendants in their pleadings and in their testimony that as they were about to go away plaintiffs stated that without their aid the farm would be lost, as the incumbrance thereon could not be otherwise met; that thereupon it was orally agreed between themselves and plaintiffs that if they (defendants) would contribute sufficient funds to pay off the existing mortgage, plaintiffs would, in consideration thereof, deed the property to them upon their return from the war. Defendants do not admit of any qualifications to the agreement as thus contended for by them. Electa Alvis was too ill to attend the trial, and her testimony was not taken. Henry J. Alvis, as a witness, admits substantially that such an agreement was made, but with the qualification that the conveyance was to be subject to the right of homestead on the part of himself and wife during their natural lives. Defendants were absent about five years, and during that time they sent home to their parents the sum of about $2,000, sufficient of which was used to pay off said mortgage incumbrance. Defendants allege and prove that in November, 1864, plaintiff Henry J. Alvis executed and duly acknowledged a warranty deed conveying the premises to defendants. The instrument is in the following form: "For the consideration of $1,000, I, Henry J. Alvis, hereby convey

to Edward H. Alvis and Hiram J. Alvis the following tract
of land [describing it], and warrant the title against all per-
sons whomsoever. In witness whereof," etc., "this 9th day of
November, 1864. [Signed] Henry J. Alvis." Upon the re-
turn of defendants the deed was delivered to them, and by
them placed of record. It will be observed that the name of·
Electa Alvis is not mentioned anywhere in the instrument.
It appears, however, that under circumstances hereinafter to
be noted, and in the year 1899, there was written on the deed
before the signature of Henry J. Alvis the following, "In wit-
ness where, I herewith sign my name this 6th day of Sep-
tember, 1899." To this Mrs. Alvis signed her name and
made acknowledgment in due form of law. The deed was
then recorded. That Mrs. Alvis had knowledge of the deed
as executed and delivered by her husband is reasonably clear.
It is made to appear that she gave as a reason why she did
not join in the execution thereof that no provision was made
therein for her homestead.

That the deed, as executed by Henry J. Alvis, was suffi-
cient to convey title to so much of the lands as were not im-
pressed with the character of a homestead, was conceded by
counsel in argument at the bar, and to that extent, therefore,
the decree of the trial court may be affirmed without further
consideration. Accordingly, we have the question of the
homestead tract, and the rights of the parties as related there-

1, HOMESTEAD:   to, alone to deal with. Defendants seek to de-
abandonment;
evidence.      fend title and right of possession upon substan-
tially two grounds: First, they assert that the parol agree-
ment to convey to them, having been followed by possession,
was sufficient to pass title, and should therefore be enforced,
notwithstanding it may be said that no deed in writing sign-
ed by the husband and wife was ever executed as required by
the statute; second, that the deed as executed by Henry J.
Alvis in 1864, and signed by Electa Alvis in 1899, was a
substantial compliance with the statute, and thereby title and
right of possession became perfected in them, said defendants.
By section 2279 of the Revision of 1860 it was provided that
"a conveyance [of the homestead] by such owner is of no val-

idity unless the husband and wife, if the owner is married, concur in and sign such conveyance." The present Code (section 2974), which was in force at the time Mrs. Alvis signed the deed, requires that the wife "must join in the execution of the same joint instrument." Now, we have held that the statute has no application to those cases where an oral contract is made for the transfer of property impressed with homestead rights, it being made to appear that possession and control is given in consummation of such contract. Such are the cases of *Drake v. Painter,* 77 Iowa, 735 and *Winkleman v. Winkleman,* 79 Iowa, 323, cited and relied upon by counsel for appellees. The theory upon which those cases proceed is that by the act of giving over possession and control there is an abandonment of the homestead right. That parties entitled to homestead rights may abandon them, and so divest themselves wholly of such right is universal doctrine. If, therefore, defendants in this case have brought themselves within the rule of the cases cited, we may without further consideration affirm the decree entered in their favor. But we are unable to make such a finding of facts as will warrant the application of the rule invoked. As we read the record before us, the plaintiffs have never gone to the length of abandoning their homestead. They continued to live there after the return of their sons, and the appellant resided there at the time of his death. They asserted control in many ways, made improvements, kept stock on the premises, and took a share of the proceeds of the farm, and otherwise asserted and enjoyed separate and independent rights and interests. True, the defendant Edward H. Alvis, with his family, also lived upon the premises, and in the same house with plaintiffs, and in most respects dominated in the operation of the farm. But, conceding this, there is no sufficient basis upon which to plant the assertion that plaintiffs intended to or did abandon their homestead and give over the absolute control of the property to their sons. We conclude, therefore, that the decree cannot be supported upon the first ground of contention made by defendants.

Coming now to a consideration of the deed in question, and the effect thereof, it is to be noted that the statute which we have already quoted provides that the husband and wife

2. HOMESTEAD: must concur in and sign the instrument by
conveyance:
ratification. which the homestead is conveyed. This is no more than to say that the husband and wife must each assent to the fact of conveyance, and each must join in the act by which the conveyance is accomplished. And it has been repeatedly held that the conveyance is void unless executed in compliance with the provisions of the statute. *Alley v. Bay,* 9 Iowa, 509; *Barnett v. Mendenhall,* 42 Iowa, 296; *Bolton v. Oberne,* 79 Iowa, 278. In the instant case the deed, upon being signed by the husband alone, was delivered to the grantees, and by them accepted and placed on record. It does not appear from the record that Mrs. Alvis was ever directly requested to concur in or sign the instrument before the date on which she did in fact sign it. We think it must be said that the transaction between the father and his sons became complete, as far as it was possible for them to make it so, by the delivery and acceptance of the deed. This being true, it follows that under such deed the defendants acquired no rights whatever in the homestead property. The conveyance was void not only in favor of the wife, but the husband, who executed it, as well, and this is the doctrine of the cases cited. Being void, the parties all stand as though no such instrument had ever been executed. And such attempt at conveyance may not be ratified save by the execution of a joint instrument in substantial compliance with the statute. The separate acts of the parties cannot avail to make good the title. *Lunt v. Neeley,* 67 Iowa, 97. At the time Mrs. Alvis signed her name to the deed she had gone to stay with a married daughter, to be cared for during her last illness. Without the knowledge of her husband, who remained at the home place, she signed the deed at the request of one or both of the defendants. That a deed thus signed cannot be accepted as a joint instrument in which both husband and wife concur seems to us to be clear. We think the meaning to be given the statute is that the instrument intended to convey a home-

stead estate, to be effectual, must have been concurred in and signed by the husband and wife when delivered; in other words, when it became a deed. Thus executed and delivered, it becomes the completed contract of both, and operates to extinguish the homestead right. An instrument executed and delivered by one only is void by force of the statute, and the individual act of either the husband or wife, done apart from and independent of the other, can have no force to make the same, a valid conveyance. In no sense can it be said to be the concurrent and joint act of the parties where each signs and delivers separate and independent of the other, and especially must this be true in a case where, as in the case before us, the independent acts occur without the immediate knowledge of the other party, and a long interval of time intervening. There is no force in the suggestion that the act of the wife in signing may be taken as a ratification of the former act of her husband. As we have seen, the deed, as delivered by him, was of no validity as against either the husband or wife. Now, even if it should be said that the wife could ratify and bind herself by her subsequent and separate act, still, the deed being void *ab initio* as to her husband as well as to herself, she could not ratify for him. The case of *Spafford v. Warren,* 47 Iowa, 47, is not in point. There both husband and wife joined in the execution of the deed. The deed was defective simply in the matter of the form of execution, and the opinion goes no farther than to hold that a defective execution may be cured by acts of ratification. There is another reason why the act of Mrs. Alvis was ineffectual to confer any rights upon the defendants. As signed by her, the instrument does not amount to a conveyance. That there may be cases where, a wife having signed as here, the doctrine of estoppel might well be invoked as against her, we may readily concede. But such cannot be true in the case of a conveyance of homestead. The statute requires concurrence and joint execution. This means that each must join in the granting clause as well as in the matter of signatures and acknowledgment. The following authorities are in point:

*Sharp v. Bailey,* 14 Iowa, 387 (81 Am. Dec. 489) *Wilson v. Christopherson,* 53 Iowa, 481; *Lumber Co. v. Hartwell,* 94 Iowa, 576.

It is further contended in argument by counsel for appellees that the deed, as executed by Henry J. Alivs, should be upheld as a conveyance of the fee title, subject to all the rights of homestead in the plaintiffs. In support of this counsel call our attention to the case of *Whitmore v. Hay,* 85 Wis., 240 (55 N. W. Rep. 708, 39 Am. St. Rep. 838). And it is said that the doctrine there announced finds direct approval in *Allbright v. Hannah,* 103 Iowa, 98. The point decided in the Wisconsin case is that, where a sale is made by a husband of the fee title to the homestead, in which he reserves the right to use and occupy the property during the life of himself and wife, the same will be held valid and binding. We did not in *Allbright v. Hannah* commit ourselves to that doctrine, and we have no need at this time to make pronouncement in respect thereto, inasmuch as here the defendants are contending by pleading and in their evidence that no homestead reservation was made, or intended to be made.

We have fully considered the points made in argument by counsel for appellees to the effect that a trust relation was created between plaintiffs and defendants by reason of the

3. HOMESTEAD: agreement alleged to have been made in 1864, conveyance: trusts. and the subsequent payment of money thereunder; also that defendants having furnished the money to pay off the mortgage incumbrance are entitled to subrogation. Assuming that these defenses were well pleaded, we do not think they possess merit sufficient to warrant the decree as entered. Even granting to appellees that the decree has moral support, in that they were led to believe and did believe they had good title to the property; that during all the years they faithfully cared for and attended to all the wants of their parents; that it is apparent that the present litigation is instigated by brothers of defendants, who, for selfish reasons of their own, dominated the acts and conduct of their

aged father for a time previous to his death, yet all this cannot avail in the face of the statute. As plaintiffs could not have conveyed except by a joint instrument in writing, they could not be bound by a parol agreement to convey, even if based upon good consideration. And there is no authority for saying that payment of the consideration operates to create a trust in the homestead property in favor of the person so making payment. The object and purpose of the statute could not be thus defeated.

The remaining point made may be disposed of by calling attention to the fact that it is the contention of appellees both in pleading and by evidence that the money was advanc-

4. SUBROGATION. ed by them to their father for the purpose of enabling him to pay off the mortgage, and that such mortgage was in fact paid off and cancelled. There is nothing in the situation to indicate that the lien thereof was to be preserved for any purpose, and our attention is not called to any rule of law under which it can be said the lien may be revived, and a right to the property in defendants be predicated thereon. This being the state of the record, there is no room to apply the doctrine of subrogation. We conclude that the court below was in error in that by its decree it gave defendants title to that portion of the property impressed with the right of homestead. To such extent the decree must be modified: otherwise it is affirmed. MODIFIED and AFFIRMED.