F. A. PAGEL, Appellant, v. H. H. TIETJE et al., Appellees.

**HOMESTEAD: Conveyance—Nonestoppel on Spouse.** A wife is not estopped to plead her failure to join in the execution of her husband's written contract to sell the homestead by the fact that she apparently acquiesced in the listing of the farm for sale, that she showed the premises to known prospective purchasers, and that she otherwise *verbally* encouraged the sale.

*Appeal from Bremer District Court.*—M. F. EDWARDS, Judge.

MARCH 14, 1922.

ACTION for specific performance. From a decree denying the relief prayed, the plaintiff appeals.—*Affirmed.*

*Sager & Sweet,* for appellant.

*Mears & Lovejoy,* for appellees.

FAVILLE, J.—The appellee Charles Blume is the tenant of his co-appellees, and has no interest in this case, except as such tenant. The appellees H. H. Tietje and Sophie Tietje are husband and wife, and will be referred to in this opinion as though they were the sole appellees.

Prior to the 24th of June, 1919, the said appellees were the owners of a farm of 100 acres in Bremer County, Iowa, which, at said time, they occupied as a homestead. On said date,

the appellee H. H. Tietje entered into a written contract with the appellant, by which he agreed to sell the said farm to the appellant, and deliver possession thereof on March 1, 1920, for the agreed price of $20,250, of which sum $500 was paid at the time of the making of said contract; and the contract provided for other payments to be made, aggregating $4,500, and for the execution of a mortgage for the remainder of the purchase price. Upon the refusal of the appellees to convey said premises under said contract executed by the husband, H. H. Tietje, or to surrender possession, the plaintiff commenced this action, on March 10, 1920, tendering performance of the contract on his part, and demanding specific performance on the part of the appellees. The appellees, by separate answers, allege that 40 acres of the land described in the alleged contract executed by the husband constitute the homestead of said parties, and that the alleged contract set forth in the petition is void as to said homestead. The appellant, by reply, alleges certain matters and things pertaining to the conduct of the said Sophie Tietje in respect to the said sale of said premises, which appellant claims estop the said Sophie Tietje from claiming or asserting that said written contract was not binding upon her. The court entered a decree denying specific performance, and directing the repayment to the appellant of the cash payment of $500, with interest, and the surrender of a note executed by appellant as part of the purchase price of said premises. Appellant does not ask that the contract be enforced as to the tract outside the homestead. He desires that it be enforced in its entirety, or not at all.

In its last analysis, this appeal involves a single proposition, and that is whether or not the appellee Sophie, by her acts and conduct, is estopped from claiming that she is not bound by the written contract to join in a conveyance of the homestead.

Code Section 2974 is as follows:

"No conveyance or incumbrance of or contract to convey or incumber the homestead, if the owner is married, is valid, unless the husband and wife join in the execution of the same joint instrument, whether the homestead is exclusively the subject of the contract or not, but such contracts may be enforced as to real estate other than the homestead at the option of the purchaser or incumbrancer."

This statutory provision has been the subject of frequent consideration by this court. As far back as *Sharp v. Bailey,* 14 Iowa 387, we said:

"It must be borne in mind that this homestead right is peculiarly favored, and that, as a general rule, there can be no operative conveyance or an effectual release of the exemption unless the mode pointed out by the statute is pursued with reasonable strictness."

This rule has been repeatedly recognized. *Clay v. Richardson,* 59 Iowa 483; *Barnett v. Mendenhall,* 42 Iowa 296; *Lunt v. Neeley,* 67 Iowa 97; *Cowgell v. Warrington,* 66 Iowa 666; *Alvis v. Alvis,* 123 Iowa 546; *Wilson v. Christopherson,* 53 Iowa 481; *Townsend v. Blanchard,* 117 Iowa 36; *Hostetler v. Eddy,* 128 Iowa 401; *Wheelock v. Countryman,* 133 Iowa 289.

The appellant contends, however, that the instant case presents an exception to the rule that a contract for the conveyance of a homestead must be signed by the wife, because of the claim that by her conduct the wife is bound by the contract entered into by the husband as much as though she had signed the same, on the theory that her acts and conduct estop her from now refusing to join in a conveyance of the homestead, in pursuance to the terms of the contract executed by the husband. The acts relied upon have to do with the conduct of the appellee Sophie at or about the time of the execution of the contract by her husband.

It appears from the testimony that the appellee H. H. Tietje and his wife decided to leave the farm in question and move to the village of Sumner, Iowa, for the purpose of educating their children, and, with her knowledge, the farm was listed for sale with a real estate agent in Sumner, who secured the appellant as a prospective purchaser. The appellant, with his father and their wives, inspected the premises in question, and the appellee Sophie showed the parties through the house, barn, hog house, and other buildings. She knew at the time that they were looking at the premises with a view to buying the same. Afterwards, the appellant went to the farm with the real estate agent, and there were some negotiations between the appellant and the appellee H. H. Tietje concerning the price for the farm. It appears that the appellant was offering $200 per acre for the

farm, and the appellee H. H. Tietje wanted $205. There was some discussion in regard to a washing machine and engine on the place, and a suggestion made that, if these were included in the sale, the price might be adjusted at $202.50. It is claimed that this matter was submitted to the appellee Sophie, and that she then told her husband to sell the farm. The wife was not present when the contract was signed, and the terms thereof were made without her knowledge. After the contract was entered into, the appellees left the farm the following December, and moved to town into a rented house. The appellant, after entering into the contract, sold the land on contract to one Schroeder, who in turn assigned the contract to one Meswarb, who later assigned it to one Geistfeld. There is evidence in the record of statements made by the appellee Sophie to the effect that the appellees had sold the farm, and that they were going to move to town to live. There is also evidence to the effect that the appellee Sophie knew that the subsequent purchaser Geistfeld went upon the farm and performed work thereon in the way of plowing and hauling manure, but this was before the time when possession was to be given, under the contract. There is a dispute in the evidence as to whether the appellee told her husband to sell the farm, at the time of the talk about the washing machine and engine, or whether she said that she did not care if these things were thrown in. The appellee Sophie claims that she told her husband, the next morning after the contract was signed, that she would not convey the land; but she did not advise the appellant of such intention on her part until some time later, and after he had assigned his contract.

We have not attempted to set out all of the evidence bearing on the question of what the appellee Sophie said and did, but, in a general way, the foregoing is the substance of it.

Our statutes with reference to homestead rights have always been most zealously guarded by the courts. Questions involving homestead rights are of frequent occurrence where the question arises on execution sale, on incumbrances, and on actions growing out of contracts, as well as under the laws of descent; but under whatever circumstances the questions arise, the uniform tendency of all courts is to uphold and protect the homestead

right, where such right has once attached, unless the right has clearly been lost by abandonment, contract, or otherwise.

Bearing on the question of estoppel of a wife who did not sign the contract, but assented to the sale, in *Stinson v. Richardson*, 44 Iowa 373, we declared:

"It is contended that the plaintiff assented to and even advised the sale, and that she is now estopped from setting up her homestead rights in the property, if she ever had any. But, if we should hold that she relinquished her homestead rights by verbally consenting to the assignment, or estopped herself by such consent, we should nullify an express provision of the statute."

In *Anderson v. Culbert,* 55 Iowa 233, we said:

"The plaintiff, however, contends that the contract to convey it is not void for the want of the signature of the defendant's wife. He relies upon evidence tending to show that she had knowledge of the trade, and encouraged it. But this is insufficient. Even an agreement upon her part would not bind her, unless it was a written agreement, executed jointly by her and her husband."

In *Donner v. Redenbaugh,* 61 Iowa 269, referring to the failure of the wife to join in a contract for the sale of the homestead, we said:

"But it is well settled that her verbal assent did not make her a party to it. The contract, then, so far as the homestead is concerned, is void."

It is the contention of the appellant that we have deviated from this rule in more recent cases, and have recognized the rule that a contract for the conveyance of the homestead, which contract is not signed by the wife, may be specifically enforced against her by the application of the doctrine of equitable estoppel. Reliance is placed upon our holding in the case of *Townsend v. Woodworth,* 185 Iowa 99. That was an action to reform a deed and quiet title to certain premises. It appeared therefrom that one Krueger was the owner of two lots, which were occupied as a homestead. He entered into a written contract to convey to the plaintiff the west 66 feet of these lots, and thereafter, in fulfillment of said contract, he and his wife executed and delivered to the plaintiff a deed which did not follow the

language of the contract, and conveyed about 3 feet and 6 inches less land than was described in the contract. The remaining portion of the lots the said grantors afterwards conveyed to another party. The action was brought to reform the deed, and to make it conform to the contract, and to quiet title to the said west 66 feet. It appeared that all of the parties supposed, at the time the deed was made, that it conveyed the exact property described in the contract. After the deed was made, the Kruegers abandoned the property as a homestead, and moved away. The wife had joined in the conveyances of each of the lots, and no longer occupied either. She had abandoned any right to claim a homestead in the strip in controversy, when she made her deed. There was no doubt that she understood, when she joined in the deed, that it was intended to convey the strip in controversy. We held that the deed should be reformed as prayed, and that she was estopped to claim that the vendee in the deed was not entitled to have the deed reformed so as to express the true intent of all of the parties at the time the deal was consummated. It clearly appeared that, soon after making the contract, and before the deed was made, the parties abandoned the premises and surrendered all homestead rights, and that, at the time the deed was made, the wife had no homestead right whatever in the property, and that the deed was executed with the intent on the part of the wife to convey the property in dispute. The case is not determinative of the instant case.

Appellant also relies upon *Engholm v. Ekrem*, 18 N. D. 185 (119 N. W. 35), which case is cited by us in the *Townsend* case, supra. This case arose under the statute of frauds of the state of North Dakota. There was a verbal agreement for the sale of certain lots, which was followed by delivery of possession to the grantee, who, with the full knowledge of the wife, and with her tacit consent and acquiescence, made valuable improvements thereon, and paid a portion of the purchase price; and the court held that the doctrine of estoppel was applicable to the facts as found to exist, to prevent the perpetration of a fraud.

The appellant places great reliance on the case of *Grice v. Woodworth*, 10 Ida. 459 (80 Pac. 912). The case was decided by a divided court. The agreement for the transfer of the homestead was verbal, was assented to by both husband and wife,

was followed by a change of possession and the placing of permanent improvements thereon, and payment of the purchase price, all with the knowledge and acquiescence of the vendor and his wife. The court held that these acts operated to transfer the equitable title to the appellant, and applied the doctrine of estoppel.

It may be true that a wife may, by her acts and conduct, be estopped to claim the benefit of this statute, under certain conditions. In the instant case, however, in any event, we do not think that the evidence is sufficient to constitute an estoppel against the appellee Sophie. The premises were not abandoned, and there was no surrender made thereof to the appellant. But a small portion of the purchase price had been paid. There is no proof that the appellee Sophie knew of or in any manner acquiesced in the terms and conditions of the contract with regard to the deferred payments or other matters therein contained. No improvements were made on the premises by the appellant. The matters and things relied upon in the cited cases, as constituting an estoppel, are largely entirely absent in the instant case. We are not prepared to hold that the fact that the wife shows the property to one whom she believes to be a prospective buyer, or with whom she knows that her husband is negotiating for a sale of the premises, or the fact that she has knowledge or consents that certain personal property is to be sold by her husband in the bargain for the place, are sufficient to estop her from claiming that a contract made by her husband, without her signature or consent to its terms, agreeing to convey the homestead, is not binding upon her. The plain language, purpose, and intent of our statute cannot be overthrown by such a showing as was made in the instant case. The appellant knew that the premises were occupied by the appellees as a homestead, and he was presumably familiar with the statute requiring that husband and wife must join in the execution of the same joint instrument to convey the same. The fact that the wife conducted the appellant over the premises, or even consented to the sale of personal property, or knew that appellant was buying the farm, is scarcely sufficient to justify the conclusion that the appellant relied thereon as binding the appellee Sophie to join in a conveyance of the homestead, or to estop her from insisting

upon the rights guaranteed to her by the statute. There is no claim of any agreement on her part to sign the written contract.

The decree of the lower court meets with our approval, and it is in all respects—*Affirmed.*

STEVENS, C. J., EVANS and ARTHUR, JJ., concur.