Gilbert v. Sanderson.

---

## GILBERT v. SANDERSON.

56 349
94 582
56 349
95 230
56 349
101 287

1. **Contract: TO SETTLE MORTGAGE: CONSTRUCTION.** A contract whereby one party agrees to settle a certain mortgage given by the other creates a personal liability on the part of the former to pay the indebtedness secured by the mortgage.

2. ———: ———: CANCELLATION OF. Such a contract may be canceled by the parties thereto, upon a sufficient consideration, at any time before it becomes known to, and is accepted by, the mortgagee.

*Appeal from Clay Circuit Court.*

WEDNESDAY, JUNE 15.

ACTION AT LAW. A demurrer to the answer was sustained, and defendant appeals.

*Robinson & Milchrist* and *C. L. Ward*, for appellant.

*Lot Thomas*, for appellee.

SEEVERS, J.—S. S. Warner executed certain notes to Homer A. Smith, and secured the same by mortgage on real

estate.   The notes and mortgage were assigned to the plaintiff. There was a foreclosure and sale of the mortgaged premises, but only a portion of the indebtedness was realized. This action was brought to recover the amount of the indebtedness remaining unpaid.   The action was based on the following written instrument:

"SIOUX RAPIDS, IOWA, January 13th, 1876.

"I, James Sanderson, do hereby agree to settle a mortgage now held against the north half of the north-east quarter and the south-west quarter of section eight (8), township ninety-three (93), range thirty-six (36), west of the fifth principal meridian, when due; said mortgage of seven hundred dollars ($700.00), held by Homer A. Smith, and due in seven annual payments of one hundred dollars ($100.00) each.

JAMES SANDERSON."

"For a valuable consideration I hereby assign to A. L. Gilbert the foregoing contract and all my right and interest therein, with free power to enforce the same, and commence and prosecute suit thereon, in his own name.

S. S. WARNER."

The defendant pleaded the mortgage had been fully satisfied and discharged by the foreclosure and sale of the mortgaged premises, and also

"3.   For a further defense to the claims of the plaintiff, defendant states that on or about the —— day of —— ——, A. D. 1876, and before said S. S. Warner had assigned the said obligation to plaintiff, and before plaintiff or his assigns had any knowledge thereof, and while the same was owned and held by said Warner, and before said notes and mortgage, executed and delivered by said Warner, were transferred to plaintiff, and while the same were held and owned by said Smith, payee thereof, that defendant and said Warner entered into an agreement—not in writing—whereby defendant agreed to surrender to said Warner all the claims and interest of defendant in said mortgaged premises, inclu-

ding a deed therefor, executed by said Warner to defendant, and not recorded, and certain certificates of the sale of said premises for delinquent taxes, duly executed by the treasurer and auditor of Buena Vista county, and said Warner agreed to release defendant from all further liability on account of said written obligation of defendant, and to cancel the same and hold it for naught. Defendant further states that he executed said agreement on his part and surrendered to said Warner said deed, and transferred to him said certificates of tax sale, and performed on his part all the requirements of said agreement; that said Warner accepted said deed and certificates and entered into the possession of said premises, and defendant thereby became released from all liability on account of said obligations."

The demurrer assailed the sufficiency of the foregoing portions of the answer, and the questions discussed by counsel will be now considered.

I. The appellant insists there could not be a second foreclosure of the mortgage, and therefore it was "settled" or discharged, within the meaning of the writing upon which the action is based, when the foreclosure was obtained and the premises sold. In this view we do not concur. The clear import of the writing is that the defendant would pay or cause to be paid the indebtedness secured by the mortgage. The object being to thus, in so far as the parties could, release Warner from all personal liability, or at least to indemnify him from loss in case the mortgaged premises were insufficient to pay the indebtedness. If this was not the object and intent of the parties to the contract, they went through a useless form and ceremony.

1. CONTRACT: to settle mortgage: construction of.

II. Conceding the mortgagee, Smith, or the plaintiff, his assignee, could avail themselves of the benefits conferred by the contract, the remaining question is whether the mortgagor, Warner, for a valuable consideration could release and discharge the defendant from the obli-

2. ——: ——: cancellation.

gation if done before the mortgagee or his assignee had knowledge of or accepted the contract, or whether it was irrevocable unless the mortgagor or the plaintiff assented to the revocation.

The authorities are not agreed as to the grounds upon which the person agreeing to pay the mortgage is held liable. In some of the adjudicated cases it has been held the contract of indemnity, or to pay the mortgage, operates as a collateral security, obtained by the mortgagor, which by equitable subrogation inures to the benefit of the mortgagee. This being so, it has been held to follow that the mortgagee can only recover a personal judgment against the person who agreed to pay the debt, when the mortgagor holds an obligation which will support the judgment; 1 Jones on Mortgages, § 762; *Crowell v. Currier*, 12 E. C. Green (27 N. J. Eq.), 152.

In the case at bar, Warner, the mortgagor, had released the defendant from all liability on the contract. Therefore, the doctrine of subrogation cannot apply for the reason the contract as to Warner must be regarded in the same light as if it had never existed. There is nothing on which a judgment can be supported.

In New York there are cases which hold the liability is incurred on the ground above stated, and others which hold it is incurred upon the broad principle that if one person make a promise to another for the benefit of a third person, the latter may maintain an action on such promise. *Garnsey v. Roberts*, 47 New York, 233.

It is upon the last ground it is said the cases in this State are based. *Ross v. Kennison et al.*, 38 Iowa, 396. There is dicta cited in *Garnsey v. Roberts*, it is said, indicating the contract is irrevocable unless the mortgagee assents to the revocation. No such question, however, was in the case.

The question under consideration arose in *Simpson v. Browne*, 6 Hun, 251, and it was there held in substance the contract could not be released by the mortgagor. This case, on appeal (68 N. Y., 355), was reversed on several grounds,

among which was that the mortgagor could release the indemnity before it had been assigned to the mortgagee, or came into his hands. To the same effect is *Stevens v. Casbacker*, 8 Hun, 116.

It has also been held, where one person makes a promise to another for the benefit of a third person, the person to whom the promise is made may execute a valid release of such promise before it has been accepted by the latter. *Dunham v. Bischoff et al.*, 47 Ind., 211; *Kelly v. Roberts*, 40 N. Y., 432.

In the case at bar the contract primarily was made to indemnify the mortgagor, Warner. It may be the plaintiff was entitled to the benefits of the contract, but this depended upon the question whether he desired to avail himself thereof. He could not be forced to do so. Now, before he had knowledge any such contract was in existence, the parties who made it agreed upon a valuable consideration to release the obligation thereby assumed. Having the power to enter into such contract it would seem to follow they could enter into another whereby the former ceased to be of any force or effect, unless in the meantime the person for whose benefit it was made in some manner has indicated he accepts the contract, or it can be implied he did so. By so doing he acquires the rights and assumes the burdens incident thereto.

It is said the court below based its ruling on something that is said in *Corbett v. Waterman*, 11 Iowa, 86. The question in that case was not in the one before us, and we have great doubt whether there is anything said by way of argument which has any material bearing on the case at bar.

The appellee suggests the answer shows the real estate was conveyed by Warner to the defendant and that the latter has never reconveyed it. Therefore it is said the legal title is still vested in him. This may be true, but it is clear from the answer that the defendant has no beneficial interest in the real estate. At most he holds the naked legal title in trust. Conceding a consideration was necessary to support

the release as against the plaintiff, the answer shows there was such consideration independent of and in addition to the delivery of the deed.    Upon the ground herein indicated the demurrer should have been overruled.

REVERSED