## COHRT v. KOCK.

1. **Contract:** FOR SALE OF LAND: WAIVER OF FORFEITURE. A contract construed and held not to constitute a waiver of the right to declare a forfeiture of a prior contract for the sale of land, except as to previous defaults.

2. ——: ——: RESCISSION. The fact that by a contract for the sale of land the vendee agrees to assume payment of a mortgage thereon will not prevent the vendor from rescinding the contract for proper cause, where it does not appear that the mortgagee has accepted the substitution made by the contract.

3. ——: ——: ——. Facts considered under which it was held that a vendee did not become entitled to a deed under his contract.

*Appeal from Tama District Court.*

THURSDAY, OCTOBER 20.

THE plaintiff, in 1877, made a written contract with the defendant whereby he sold to him an improved farm. The defendant entered into possession of the farm and enjoyed the use of it during the years 1878 and 1879, and in the meantime he paid a portion of the purchase money. He did not, however, meet all the payments as they became due. The first installment, falling due January 1, 1878, was not paid until October, 1878. The second installment, falling due January 1, 1879, became delinquent and has never been wholly paid. The contract provided that the payments were to be made promptly, and that time was to be of the essence of the contract. In February, 1880, this action was brought to rescind the contract. The plaintiff set up in his petition the failure of the defendant to make the payments as they became due. He admits certain payments, but avers that the use of the premises has been worth more to the defendant than the amount of such payments. By way of amendment to his petition he avers that the defendant is committing waste by destroying the fences and timber and an artificial grove, and asks for an injunction.

The defendant filed an answer to the original petition and a motion to strike out the amendment. The motion was overruled. The defendant in his answer sets up certain payments in excess of those admitted by plaintiff, but does not show that he was not in default. He avers, however, that by reason of a contract subsequently entered into the plaintiff waived his right to insist upon a forfeiture. Other defenses are set up which will be noticed in the opinion. There was a decree for the plaintiff as prayed both in the original petition and amendment, and the defendant appeals.

*Stivers & Bradshaw*, for appellant.

*Struble & Kinne*, for appellee.

ADAMS, CH. J.—I. The defendant complains of the action of the court in overruling his motion to strike out the amendment. The alleged ground of the motion was "that the amendment and additional petition were filed after the answer of the defendant herein was filed, and after the last adjournment of the court, without any leave or permission of the court or defendant or his attorneys, and without any notice."

Whether, where an amendment is filed without leave of court, a motion to strike the same from the files must necessarily be sustained we need not determine. It is not made to appear in this case that the amendment was without leave. Besides, if the defendant had forfeited all right to the premises, as the court held, and was committing waste as the amendment averred, and as was not denied, the defendant cannot properly complain of the injunction sought by the amendment.

II. The subsequent agreement relied upon by the defendant as constituting a waiver on the part of the plaintiff of his

1. CONTRACT: for sale of land: waiver of forfeiture. right to insist upon a forfeiture was made between the plaintiff and one Reichoff. By it Reichoff released a chattel mortgage upon certain property belonging to the defendant, and turned out the

property to plaintiff to be applied upon the defendant's indebtness to the plaintiff. In consideration thereof an extension was granted upon the payment next to mature, to-wit., January 1, 1879. Plaintiff also agreed to waive "his rights under said contract of sale of land."

The defendant insists that the rights waived were the right to declare a forfeiture not only for past defaults but for any other default which might thereafter occur.

The words used, if taken by themselves and in their broadest signification, might include the right to be paid the purchase money. But they evidently do not mean that, because it is provided in the contract for an extension of a payment, and there could not be an extension of a payment which was not to be made at all. The defendant, indeed, does not insist that the words are to be taken in their broadest signification. As no right to payment, then, was waived, and no extension was given except as to one payment, we can discover nothing upon looking into the contract which could properly be deemed as waived except the right to declare a forfeiture, and it is not claimed by defendant that any other right was waived. The controversy is as to whether the plaintifl waived the right to declare a forfeiture for future defaults. In our opinion the language used should not be so construed. The defendant was still bound to make prompt payments. We can hardly suppose that the parties were providing for a contingency which under the contract they were not to anticipate. A default in one payment had then been made. What was waived, we think, was the right to declare a forfeiture for that default. We cannot think that the plaintiff intended more than that. According to our view, by the words "his rights under said contract" were intended his *matured rights.* Thus limited the language is natural. Extended beyond that it is not natural unless it means all his rights, which as we have seen cannot be admitted, and is not claimed.

In this connection we ought to observe that the defendant introduced parol evidence, under objection, as to what the un-

derstanding was at the time the contract was made.    But in our opinion the contract must speak for itself.

III.    As a further defense the defendant says that he assumed the payment of certain mortgages upon the property; 2. ——: ——. that having by reason of such assumption become rescission. liable to the mortgagee, it would be inequitable to deprive him of the land and leave him thus liable, and that before the plaintiff could become entitled to rescind he should pay off the mortgages or secure the defendant's release in some way.

As to the alleged assumption we have to say that the contract is very obscure.    We are not quite prepared to say that the defendant assumed the mortgages.    But, conceding that he did, we think that the plaintiff was not precluded from rescinding.    It does not appear that the mortgagee had done or said anything to indicate his acceptance of the defendant's contract to pay the mortgages, if there was such contract. Under the ruling, then, in *Gilbert v. Sanderson, ante,* 349, the defendant had incurred no such liability to the mortgagee as to prevent the plaintiff and defendant from making a complete cancellation of the contract, and we think it follows that the defendant had incurred no such liability to the mortgagee as to prevent the plaintiff from rescinding.

IV.    One defense remains to be considered.    The contract contains a provision in these words:  "In consideration of 3. ——:——: the prompt payment of said sums said Cohrt agrees to make said Kock a good and sufficient warranty deed for said tract on the payment to be made January 1, 1878."    No deed it appears was made, and the defendant insists that, while the payment falling due January 1, 1878, was not promptly made, yet, being made, the defendant became entitled to a deed when it was made; and that after that the plaintiff was no more entitled to declare a forfeiture than he would have been if he had complied with his contract and made the deed which he bound himself to make.

If the defendant at any time became entitled to a deed,

there is some doubt whether after that a forfeiture could be declared. But the contract provides that the deed was to be made in consideration of prompt payment. Now the payment first falling due, to-wit., that falling due January 1, 1878, was not only not made when it fell due, but when afterward he succeeded in making it he was still in default, as it appears to us, by reason of the non-payment of certain interest which had fallen due, and we are unable to discover that there was any time when the defendant was not in default. We think that he has not shown that he ever became entitled to a deed.

In our opinion the decree of the District Court must be

AFFIRMED.