D. EDW. HANNAN, Appellant, v. HENRY MURPHY et al.,
Appellees.

**NOVATION:** **Substitution of New Debtor.** The *original* purchaser of
1 land who agrees that, when the deal is closed, he will, as part of the purchase price, assume the payment of a mortgage on the property in a named amount (which the vendor agrees to execute), is *absolutely released* from all liability on his promise of assumption by the act of the vendor (1) in neglecting to execute said mortgage, (2) in deeding the land directly to a *subsequent* purchaser, and (3) in agreeing to accept and in actually accepting from said subsequent purchaser the latter's note and mortgage on the land, in lieu of the note and mortgage originally contemplated.

**MORTGAGES:** **Assumption by Third Parties—Right to Rescind.** A
2 contract whereby one party assumes the payment of the mortgage of *another* may be rescinded by the parties to it, at any time before the mortgagee accepts the new and additional promise.

*Appeal from Dallas District Court.*—W. G. VANDER PLOEG,
Judge.

OCTOBER 24, 1924.

ACTION to foreclose a mortgage upon real estate, and for personal judgment against certain of the defendants, who, in contracts to purchase the mortgaged premises, are alleged to have agreed to pay the mortgage. From a decree dismissing

the petition as to all the defendants except the mortgagors, plaintiff appeals.—*Affirmed.*

*Cardell & Willis* and *H. S. Dugan,* for appellant.

*Wilson & Harris, White & Clarke, W. H. Winegar,* and *J. A. Henderson,* for appellees.

VERMILION, J.—There is no substantial dispute as to the facts. Plaintiff, the appellant, entered into a written agreement with the defendant Meinecke whereby he agreed to sell to

1. NOVATION: substitution of new debtor.

Meinecke certain land. As a part of the purchase price, Meinecke agreed to assume and pay, in addition to a first mortgage on the land, a second mortgage of $3,400, which appellant agreed to put on the premises. Final payment was to be made on March 1, 1920, at which time a deed was to be delivered. A few days after the execution of this contract, Meinecke contracted in writing to sell the land to the defendants Adams and Borop, who assumed and agreed to pay a second mortgage of $3,400 on the premises. This contract was also to be consummated by final payment and delivery of a deed on March 1, 1920. Shortly thereafter, Adams and Borop agreed in writing to sell the land to the defendant Murphy, who likewise assumed and agreed to pay a second mortgage of $3,400 on the premises; and this contract was also to be consummated on March 1, 1920. Appellant did not place a second mortgage of $3,400 on the premises, as his contract with Meinecke contemplated. On March 1, 1920, Murphy made the cash payment required by his contract with Adams and Borop. The appellant and Meinecke each received such part thereof as they were entitled to under their respective contracts of sale. Appellant executed and delivered direct to Murphy a deed for the land, and Murphy and his wife executed and delivered to appellant a note for $3,400, secured by a second mortgage on the land. This mortgage appellant accepted, and in this action seeks to foreclose. In addition to a judgment and decree of foreclosure against the Murphys which he secured, and which is not now in question, he asks, in amendments to his petition, for personal judgments against Meinecke,

Adams, and Borop for the amount due on the mortgage by virtue of their respective contracts referred to above. He claims to be entitled to recover upon their respective agreements to assume and pay the mortgage, and also as for an unpaid portion of the purchase price of the land.

Taking up first the claim against Meinecke on his contract of assumption: We are clear that there was a novation both of contract and of debtor. The essentials of a novation are: (1) a previous valid obligation; (2) the agreement of all the parties to the new contract; (3) the extinguishment of the old contract; (4) the validity of the new one. 29 Cyc. 1130. The presence of all of these essentials in the transaction in question is plain, unless it be the agreement to extinguish Meinecke's obligation under his contract of purchase.

There can be no question that the transaction of March 1, 1920, was with the consent of all parties. Appellant's contract with Meinecke required appellant to place a mortgage upon the land, which Meinecke agreed to pay. The result of this, had it been carried out, would have been that appellant would have received the $3,400 for which the mortgage would have been given, and would have been himself liable to the mortgagee to repay it. As between himself and Meinecke, however, appellant would have been but a surety for Meinecke, who would have been primarily liable for the debt. Under the arrangement that was actually carried out, appellant, instead of receiving the $3,400 and becoming liable to repay it, with a right to compel reimbursement from Meinecke if he was required to pay, accepted Murphy's obligation and mortgage for the amount, and became himself the creditor and mortgagee.

The actual transaction of the completion and performance of these various contracts was carried on between the appellant, Murphy, and one Atkinson, who represented Meinecke, and Adams and Borop. Atkinson testified that he had a conversation with appellant in which he told appellant that the land had been sold two or three times, and proposed that he deed from himself to Murphy and accept Murphy's note and mortgage in substitution for the note and mortgage of Meinecke, and that appellant agreed to that; that he asked appellant if

he would accept Murphy's note and mortgage in substitution for Meinecke's, and he said he would. Appellant testified that Atkinson asked him if, as a matter of convenience, and to save time and recording fees and revenue, he would deed the farm across to Murphy; that he replied that he would think it over; that later, he saw Atkinson and told him he would pay only his share of the revenue; and that there was nothing said about releasing Meinecke, Borop, or Adams on their contracts, and nothing said about his surrendering his contract with Meinecke.

It is not necessary that the release or discharge of the prior contract be in express terms. It may be established by proof of facts and circumstances from which the implication of such release would reasonably arise. *Lester v. Bowman,* 39 Iowa 611; *Michigan Stove Co. v. Walker & Co.,* 150 Iowa 363; *Foster v. Paine,* 63 Iowa 85; *Sioux City Stock Yards Co. v. Sioux City Pkg. Co.,* 110 Iowa 396.

There was a clear abandonment by appellant of the provision that required him to execute the mortgage, and would enable him to secure the $3,400 for which it was to be given. Appellant was the party who was to do this, and he did not do it; and the other parties did not insist that he should. Notwithstanding this, it was clearly in the contemplation of all the parties that the second mortgage for $3,400 should be placed on the land, and that appellant should have the benefit of it. Under his contract with Meinecke, it would, in effect, and as between appellant and Meinecke, have been Meinecke's mortgage, and upon Meinecke's land. It seems to have been considered by all parties that a mortgage to be executed by Meinecke was what appellant, in this situation, was entitled to; and, since he had failed to execute the mortgage himself and secure for himself the proceeds of it, he could not have insisted on more than this. Appellant, then, was entitled to the note and mortgage of Meinecke for $3,400. Meinecke held the agreement of Adams and Borop to pay such a mortgage, and they, in turn, held Murphy's agreement to pay it. Atkinson's testimony is clear that appellant agreed to accept Murphy's note and mortgage in substitution for like obligations to be executed by Meinecke. This is not directly denied by appellant. He says he did

not agree to release Meinecke on his contract.    But Meinecke's
contract was to assume a mortgage that appellant was to put on
the land, and, as we have seen, owing to the latter's own fail-
ure, he had made a strict performance by Meinecke impossible;
and it is plain that he did release Meinecke from a literal per-
formance of his contract,—that is, from the obligation to pay
a mortgage put upon the land by himself.    We are not prepared
to say that, in view of the way all the parties treated the situa-
tion, the mortgage actually given was so different from the one
Meinecke agreed to pay that this fact alone would release
Meinecke.    It was for the same amount, and was treated as
serving the same purpose.    But the fact is important as show-
ing beyond question an intention to release Meinecke from a
strict performance.    Appellant did, in fact, accept the note and
mortgage of Murphy instead of the obligation of Meinecke, and
we think it clear from all the circumstances, as well as from the
testimony of Atkinson, that he accepted them as a complete sub-
stitution therefor, and released Meinecke from any obligation to
pay the $3,400 mortgage.

As to appellant's claim to recover against Adams and Borop,
it is insisted that the contract whereby they agreed to assume
and pay a second mortgage on the land was rescinded and aban-
doned by the parties to it before appellant had
said or done anything to indicate an accept-
ance on his part of their assumption of the mort-
gage.    It is settled in this state that a contract whereby one
party agrees to assume and pay the mortgage of another may
be rescinded by the parties to it, and without the consent of
the mortgagee, at any time before the latter has done or said
anything to indicate his acceptance of the contract.    *Gilbert v.
Sanderson,* 56 Iowa 349; *Cohrt v. Kock,* 56 Iowa 658; *Miller v.
Hughes,* 95 Iowa 223; *Seiffert & W. Lbr. Co. v. Hartwell,* 94
Iowa 576.    See, also, note in 21 A. L. R. 462.

It is clear that appellant had no knowledge of the contract
between Meinecke and Adams and Borop until after the com-
mencement of this action to foreclose the mortgage.    Appellant
so testified.    Adams and Borop were made parties, and the
claim against them asserted for the first time, in an amendment

2. MORTGAGES: as-
sumption by
third parties:
right to rescind.

to the petition filed after Meinecke had, in a cross-petition, asked relief against them, in case he was held liable to appellant. While it is true that Adams and Borop were paid the difference between what they were to pay Meinecke and what Murphy was to pay them, and to that extent their contract with Meinecke may be said to have been carried out, in all other respects we think it was rescinded. They did not pay for the land or take title to it, as their contract provided they should. While it could not be said that appellant was a party to the rescission of a contract or provision of which he had no knowledge, yet Meinecke, for whose benefit Adams and Borop agreed to pay the mortgage, did undoubtedly assent to the abandonment of that provision. While not directly in point, the case of *Pray v. Donald,* 195 Iowa 745, throws some light upon the situation where a party who has contracted to buy land of one and to sell it to another at an enhanced price merely takes his profit and allows the original vendor and ultimate purchaser to consummate the transaction between themselves.

Much of what has been said is applicable also to appellant's claim to recover as for a portion of the purchase price unpaid, and on the theory that Murphy's note and mortgage were received only as conditional payment. Appellant, by his own failure to comply with his contract, precluded himself from receiving in cash the amount for which the second mortgage was to have been given by him; he accepted Murphy, not Meinecke or Adams and Borop, as the purchaser; and to Murphy he must look for his purchase price.

We recognize the hardship of appellant's position. Murphy is insolvent; the land has been sold under the first mortgage; appellant has not received all of the price for which he sold the land; while Meinecke and Adams and Borop have received the profit they made in its resale. But his misfortune is the result of his own act. Had he performed his contract, and insisted on its performance by Meinecke, he would have been fully protected. When he accepted the obligation of Murphy, instead of the cash which he might have secured by a performance of his contract on his part, and also in place of the obligations to which it was conceded by the parties he was still entitled, he placed

himself in a situation where the court is powerless to relieve him from the consequences of his act.

The decree must be and is—*Affirmed.*

ARTHUR, C. J., and STEVENS and DE GRAFF, JJ., concur.