AMERICAN SAVINGS BANK, Appellee, v. GEORGE BORCHERDING et al., Appellees; JOSEPH S. SCHAPMAN, Appellant.

REFORMATION OF INSTRUMENTS:   Instruments Reformable—Deed
1   Without Contract Assumption of Mortgage.   The holder of a mortgage on land may not have a deed to a subsequent purchaser so reformed as to embrace an assumption by the purchaser of the payment of the mortgage, on the naked plea that the purchaser, in buying the land, *contracted* to pay such mortgage.   This is true because such contract assumption was subject to cancellation by the vendor and purchaser at any time before the mortgagee had assented to the assumption, and the passing of a deed without the incorporation therein of such assumption generates a presumption that the contract assumption had been abrogated or in some manner canceled.   (See Book of Anno., Vol. 1, Sec. 12376, Anno. 18 *et seq.*)

REFORMATION OF INSTRUMENTS:   Instruments Reformable —
2   Gratuitous Instrument.   A deed cannot be reformed by one who is

not a party thereto unless the mistake claimed therein affects his interest.

**Headnote 1:** 18 C. J. p. 270; 27 Cyc. p. 1360; 34 Cyc. p. 952 (Anno.)
**Headnote 2:** 34 Cyc. p. 950.

*Appeal from Carroll District Court.*—M. E. HUTCHISON, Judge.

## MAY 12, 1925.

### OPINION ON REHEARING APRIL 6, 1926.

ACTION to foreclose a mortgage on real estate. From a ruling on a demurrer to a cross-petition, defendant Schapman appeals.—*Reversed.*

*Brown McCrary* and *John E. Haltigan*, for appellant.

*Lee & Robb*, for plaintiff, appellee.

*W. C. Saul* and *W. I. Saul*, for Borcherdings, appellees.

ALBERT, J.—On September 25, 1923, the American Savings Bank brought action to foreclose a mortgage duly assigned to it by Louis F. Kovar and executed by George Borcherding and

wife on a certain 80-acre tract of land in Carroll County. To this petition the Borcherdings filed answer and cross-petition, the details of which will be referred to later, making Joseph Schapman defendant. On the 9th of October, judgment was entered foreclosing said mortgage, but reserving from its operation all questions affecting the rights of the Borcherdings.

1. REFORMATION OF INSTRUMENTS: instruments reformable: deed without contract assumption of mortgage.

After the entry of this decree, the bank amended its petition by making Joseph Schapman a defendant, and alleging in substance that, under a written contract between the Borcherdings and Schapman, Schapman bought the land and agreed to assume and pay the mortgage sued on herein, but that, in the deed executed by the Borcherdings to Schapman, Schapman did not agree to assume and pay the aforesaid mortgage, in accordance with the terms of his contract. The deed recited that Schapman took the land subject to said mortgage. The appellee

bank prayed that said deed be reformed to express the intent and purpose of the parties, as set out in the contract, and further to provide that Schapman assume and pay the bank's mortgage, and then prayed for judgment against Schapman for the amount due thereon. To this amendment Schapman filed a demurrer, by which he urged that the bank, being a stranger to the deed, could not ask for its reformation. This demurrer was overruled, with exceptions, and Schapman elected to stand on the demurrer.

At the time Borcherding made his conveyance to Schapman, the mortgage sued on herein was outstanding, and, as said, the deed from Borcherding to Schapman conveyed the property *subject to this mortgage*. The bank, by way of amendment to that petition, alleges that the deed last referred to, from Borcherding to Schapman, was made in pursuance of a contract which provided that Schapman was to assume and pay this mortgage; that, therefore, it asks to have the deed reformed. The bank and its assignor were utter strangers to this deed, as it read. Had the deed contained an assumption clause, as the bank claims it should, the benefits of such an assumption clause would, of course, inure to the benefit of the bank, as the holder of the mortgage assumed.

The contract between Borcherding and Schapman was made on the 28th of June, 1919, and the deed from Borcherding and wife to Schapman was made on the 1st of March, 1920. Assuming, without deciding, that the written contract between Borcherding and Schapman could be construed as holding that Schapman would agree to assume and pay the outstanding mortgages, we are then to determine this question: Where a vendee in a written contract assumes and agrees to pay an outstanding mortgage, but, when the contract is performed, the deed made in pursuance thereof does not recite that the vendee assumes and agrees to pay, but in fact says that he takes the property subject to the mortgages, can the mortgage holder maintain an action to reform the deed by striking out the clause reciting that the vendee takes it subject to the mortgages, and substitute in lieu thereof a clause by which the vendee assumes and agrees to pay the outstanding mortgage? If the mortgagee can maintain such an action, it must be based on the theory that

the contract thus made was a contract made for the benefit of the mortgage holder, and he avails himself of Section 10968, Code of 1924, which provides, in substance, that, where such a contract is made, the party for whose benefit it was made may sue thereon.

From the time of the making of this contract until its performance, on the 1st of March, 1920, the contract was wholly executory, and, if it contained a clause providing that the vendee assumed and agreed to pay the outstanding mortgages, this clause was wholly under the control of the vendor and the vendee, and they had the right to enlarge it, reduce it, or abandon it, as suited their mutual pleasure. *Prima facie* it was abandoned in the instant case, because it was not contained in the deed, and the clause set out in the deed was repugnant to the provision in the original contract. We have had this question before us on several occasions, and are committed to the rule that, until such time as the mortgagee shall assent to such assumption and accepts the person assuming, as his debtor, the vendor and vendee may, by mutual agreement, waive such clause or abandon it. This seems to be the general rule, not only in this jurisdiction, but in other jurisdictions. An elaborate note on this question, collating all the cases, may be found in 21 A. L. R. 462. The last Iowa case called to our attention is *Hannan v. Murphy*, 198 Iowa 827, where we said:

"It is settled in this state that a contract whereby one party agrees to assume and pay the mortgage of another may be rescinded by the parties to it, and without the consent of the mortgagee, at any time before the latter has done or said anything to indicate his acceptance of the contract."

See, also, *Miller v. Hughes*, 95 Iowa 223; *Seiffert & Wiese Lbr. Co. v. Hartwell*, 94 Iowa 576; *Cohrt v. Kock*, 56 Iowa 658; *Gilbert v. Sanderson*, 56 Iowa 349.

On the face of the record, it appears that these parties, on the execution of the contract, made and accepted the deed with a clause in it providing that the vendee took it subject to the mortgage. In the absence of any showing to the contrary, it must be assumed, therefore, that the clause with reference to assumption of the mortgage was waived and abandoned by the parties in the making and delivering of this deed.

The appellee bank herein is not basing its right of action on the contract as originally made, but alleges and prays that the deed itself be reformed. The waiver by the vendor and the vendee of this provision of the contract for the assumption and agreement to pay the mortgage is, under the above rule, binding upon the mortgagee, and it would have no right of action against Schapman under the deed. It of course recognizes this situation when it seeks to have the deed reformed. The bank, therefore, is not in a position to ask reformation of the deed.

Again, it is fundamental law that a deed cannot be reformed, even by a party thereto, unless the mistake claimed therein would in some way affect his interest. The right which the bank assumes to exercise herein, if at all, comes to it by virtue of the statute above referred to, and is a pure gratuity or voluntary gift to the holder of the mortgage, for which he gives no consideration whatever. We have announced the rule in *Else v. Kennedy,* 67 Iowa 376, that:

2. REFORMATION OF INSTRUMENTS: instruments reformable: gratuitous instrument.

"* * * courts of equity will not assist the grantee in an imperfect conveyance which is not supported by either a valuable or meritorious consideration against either the grantor or his representatives."

We have reaffirmed this doctrine in *Dolph v. Wortman,* 185 Iowa 630. Under this rule, the interest which the appellee bank seeks to claim is, at most, a statutory gift to it, without any consideration whatever passing from the bank; and the bank is not entitled in equity, therefore, to a reformation of the deed. The district court, having held otherwise, was in error.—*Reversed.*

EVANS, STEVENS, and MORLING, JJ., concur.