American Savings Bank, Appellee, v. George Borcherding et al., Appellees; Joseph S. Schapman, Appellant.

634

DECEMBER 13; 1927.

REHEARING DENIED MARCH 10, 1928.

*Brown McCrary* and *John E. Haltigan*, for appellant.

*W. C. Saul* and *W. I. Saul*, for appellees.

FAVILLE, J.—The appellee Borcherding was the owner of

80 acres of land. There were two mortgages on said land, one for $11,200, and one for $4,000. Borcherding sold the land to the appellant, Schapman. The contract of sale was made the 28th of June, 1919, the agreed price for the premises being $300 per acre, or a total of $24,000. Under the contract, settlement was to be made March 1, 1920. The purchaser was to pay $2,000 in cash and $6,800 on the day of settlement, and it is contended that the balance of the purchase price was to be paid by the assumption of said two outstanding mortgages. On March 1, 1920, a deed was executed, conveying said premises to appellant. The deed contained the recital that the premises were sold "subject to said two mortgages." There was no assumption clause in said deed. The American Savings Bank acquired title to the first mortgage of $11,200, and on September 25, 1923, brought action to foreclose said mortgage. Borcherding was made a party to said foreclosure, and appeared, and filed a cross-petition against the appellant, Schapman, his vendee. In said cross-petition the appellee Borcherding pleaded the original contract of sale between him and Schapman, and alleged that, by virtue thereof, Schapman assumed and agreed to pay said mortgage, and asked that, if judgment was obtained against him (Borcherding) by the plaintiff in said foreclosure proceeding, he in turn might have judgment on said contract against Schapman. In said action, the plaintiff bank asked reformation of the deed between Borcherding and Schapman, so that the same would recite that Schapman was to assume and pay the bank's mortgage. To the bank's petition asking such reformation Schapman filed a demurrer, which was overruled. Upon appeal, we reversed the trial court. *American Sav. Bank v. Borcherding,* 201 Iowa 765.

At or about the time that the appellant, Schapman, filed his demurrer to the petition of the bank in said action, he also filed a demurrer to Borcherding's cross-petition. No ruling appears to have been had upon this demurrer to Borcherding's cross-petition. The matter rested in abeyance while the appeal was being prosecuted from the ruling on Schapman's demurrer to the bank's petition. Borcherding appeared in this court on said appeal, and filed an argument in support of the contention of the bank that it was entitled to a reformation of the deed from Borcherding to Schapman. We held that the bank was

not entitled to a reformation of the deed. After procedendo had been issued, Borcherding amended his cross-petition in the district court, and for the first time asked for reformation of the deed from him to Schapman, so as to show that Schapman assumed and agreed to pay the said outstanding mortgages. Thereupon, Schapman filed answer to said amended cross-petition, and trial was had, resulting in a decree in behalf of Borcherding, reforming said deed. It is from this decree that Schapman prosecutes this appeal.

I. It is contended by appellant that the decision denying reformation of the deed as between the bank and Schapman is *res adjudicata* as between Borcherding and Schapman. In the original action, the bank sought reformation of the deed from Borcherding to Schapman. Borcherding was a party to said action, because the bank sought foreclosure of its mortgage as against him, and a deficiency judgment. But no question of the reformation of the deed from Borcherding to Schapman, *as between said parties*, was involved or tried in said original proceeding. It is true that the *bank* sought to reform said deed. It is also true that Borcherding filed an argument in this court supporting the contention of the bank that it was entitled to such reformation. But until Borcherding filed the amendment to his cross-petition after the decision of this court, and after procedendo, there was no issue tendered between Borcherding and Schapman that involved the question of the reformation of the deed, as between them. Borcherding's original cross-petition against Schapman rested in abeyance, pending the appeal between the bank and Schapman, and after such appeal was determined, the issue of reformation of the deed as between Borcherding and Schapman was inserted in the case between them for the first time. There had never been any adjudication of the rights between Borcherding and Schapman. The doctrine of *res adjudicata,* under this record, has no application.

II. Appellant contends that there was an election of remedies by Borcherding, and therefore he cannot now be heard to assert his claim for reformation of the deed. In the original  cross-petition Borcherding pleaded and relied upon the *contract* of purchase, and not upon the deed. This question, however, had not been determined, as between Borcherding and Schap-

man, prior to the time that Borcherding amended his petition and prayed for reformation of the *deed.* As before stated, the original cross-petition rested in abeyance under a continuation of the cause until the appeal between the bank and Schapman was determined. Thereafter, by the amendment, Borcherding sought reformation of the deed executed by him to Schapman. There was no election of remedies, under such a record.

III. Appellant, Schapman, contends that Borcherding is now estopped to claim reformation of the deed. Said estoppel is claimed upon several grounds.

There is no estoppel to claim reformation of the deed in a court of equity because of the language of the deed itself. The very power invoked is to reform the deed as it was written.  Neither is there estoppel against Borcherding because he remained silent in regard to said claimed mistake at the time that the bank asserted its right of action against Schapman. He did remain silent as to *his* claim to reform the deed, but he was not obliged to speak. Borcherding was not guilty of laches in failing to claim reformation of the deed in his cross-petition as originally filed. Failure to properly seek at that time the full or proper relief available to him does not constitute laches. There was no estoppel because Borcherding stood by and let the bank try out the question of its right of reformation of the deed. Nor is there estoppel because Borcherding joined with the bank in argument in this court, and contended that the bank was entitled to reformation of the deed. We find no ground for estoppel in the record.

IV. Appellant contends that Borcherding's right of action for reformation of the deed is barred by the statute of limita-  tions. The deed was executed and delivered on March 1, 1920. Borcherding's amendment to his cross-petition, seeking reformation of said deed, was filed on April 14, 1926. Section 11010, Code of 1924, is as follows:

"In actions for relief on the ground of fraud or mistake, and those for trespass to property, the cause of action shall not be deemed to have accrued until the fraud, mistake, or trespass complained of shall have been discovered by the party aggrieved."

The evidence is undisputed in the record that the first Borcherding knew of the mistake in the deed in failing to provide for the assumption of the mortgages in question was when the action of the bank for foreclosure was commenced, which was on September 25, 1923; and the amendment to Borcherding's cross-petition seeking reformation of the deed was filed within time.

V. Appellant contends that Borcherding waived his rights to a reformation of the deed. This contention of the appellant's is based largely upon language in the opinion of this  court in the former appeal. We held that the *bank* could not secure a reformation of the deed from Borcherding to Schapman. In the course of the opinion we said:

"In the absence of any showing to the contrary, it must be assumed, therefore, that the clause [in the contract] with reference to assumption of the mortgage was waived and abandoned by the parties in the making and delivering of this deed."

That was true upon the record as then made, and on the issues between the bank and Schapman. But now we have the question squarely presented on an issue between Borcherding, the vendor, and Schapman, the vendee, wherein reformation of the deed itself is sought. The question to be determined now in this action is whether there was in fact a waiver or abandonment of the contract when the deed was made, and whether or not there was a mistake in the drawing of the deed as between the parties thereto.

It seems to be conceded by all parties to this appeal that the original contract provided for an assumption by Schapman of the mortgages in question as a part of the purchase price of said premises. We are, therefore, not called upon to construe the terms and provisions of the original contract. Assuming that it does so provide, the question then is whether or not, by the execution of the deed, the parties waived and abandoned this provision of the contract, and did not intend to include the same in the deed. Without setting out the evidence in detail, we are satisfied from an examination thereof that the trial court did not err in its conclusion that it was the purpose and intention of the parties that the deed should provide that the grantee, Schapman, should assume and agree to pay the two mortgages

in question, and that the court did not err in reforming the deed so as to have it express the true understanding and agreement of the parties.

The purchase price of the premises was $24,000. A cash payment was made. The balance was to be paid by assumption of the mortgages. It is assumed by all parties that the contract so provides. The dealings were all had through representatives. The vendor and vendee did not meet personally. The vendor took his contract to a banker, who drew the deed therefrom which Borcherding and his wife signed. The deed was sent to a bank at Carroll. Schapman mailed his check to a real estate agent at Carroll, who obtained the deed for Schapman. Borcherding did not intend to waive or change the terms of the contract regarding the assumption of the mortgages. Schapman expected the deed to conform to the contract. The scrivener did not express the terms of the contract in drawing the deed. He made an obvious mistake. Borcherding did not know it until the foreclosure suit was brought. The evidence is satisfactory and convincing that a mistake was made, and that the deed should be reformed to conform to the contract of the parties, which had never been changed or its provisions waived or abandoned.

The decree is—*Affirmed.*

EVANS, C. J., and STEVENS, KINDIG, and WAGNER, JJ., concur.